NIGHT BOX
FILED

NOV 01 2000

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CLERK, USDC / SDFL / WPB

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 00-6211-CR-HURLEY |
| Plaintiff, | ) | |
| v. | ) | |
| MOHAMMED SAMHAN | ) | |
| Defendant. | ) | |

<u>APPELLEES BRIEF IN SUPPORT OF MAGISTRATE JUDGE
SELTZER'S DECISION DENYING PRETRIAL DETENTION</u>

**(EXPEDITED DECISION REQUESTED)**

A. GROUNDS FOR EXPEDITED DECISION

The Appellee, MOHAMMED SAMHAM, has already spent 94 days in pretrial detention as a result of a [1]Sixth Amendment violation of the United States Constitution because he did not receive adequate representation at the first detention hearing and a resulting Fifth Amendment Due Process violation because he was denied a fair bond hearing.

---

[1] Credit the fairness of Assistant United States Attorney, Larry Bardfeld, for acknowledging that Appellee's first counsel was under a reasonable misapprehension of believing that he would obtain a bond (R.138). Credit United States District Court Judge Hurley, Magistrate Judges Vitunac and Seltzer for rectifying the Constitutional violations by ordering and conducting a pure De Novo hearing.



The Detention Act does not countenance delays of more than five days, much less 94 days. a detention hearing must be conducted "immediate(ly) on first appearance, or with good cause of no more than three days on behalf of the Government". 18 U.S.C. 3142 (f) (2). Additional citations omitted.

Therefore, it is respectfully requested that this Appeal be accorded the highest preference.

B.  RESPECT ACCORDED TO THE RULING BELOW

A Magistrate Judge's ruling on issues of detention should be accorded substantial latitude. United States v. King, 849 F.2d. 485, 487 (11th Cir. 1988).

C.  FACTORS FAVORING RELEASE

1) The Offense (18 U.S.C. 3142 (g) (1)} - Although this is a drug offense, it involves possession of a legal cold medicine and a base level of 30. Level 30 offenses would be comparable to less than one kilogram of heroin and less than 5 kilograms of cocaine. U.S.S.G. 2D1.1 (5).

Therefore, the Government's pill count (Gov.Br.2-3), although impressive, could not possibly deter a Court from ordering bond.

2). The weight of the evidence (18 U.S.C. 3142 (g) (2) - Joseph Collins, Co-case Agent, [2]testified that: The Appellee has no connection to the warehouse where the pills were stored; the

---

[2] Appellee will add proper transcript cites when the transcript is received. Appellee relies on notes and memory.

2

Appellee did not travel to any out of state location where the legal cold pills were to be converted; the Appellee did not contact anyone out of state where the legal pills were to be converted; the Appellee has no relationship to anyone out of state connected to this matter; there are no recordings of Appellee discussing this matter; there are no informants who indicate Appellee has done anything wrong; the Appellee made no admissions; there are no "pay and owes" incriminating Appellee; that surveillance indicates Appellee was most connected to Defendant Haddad.

By contrast, codefendant Haddad did travel out of state and unwittingly spoke to an agent about this matter. Although there is more evidence against Haddad, Haddad was granted a far lower bond.

By contrast, Narog managed the warehouse and was detained. Jabber is besieged by far greater evidence and played a far greater role and was detained.

By contrast, all other [3]defendants have been granted bond. Attesting to the proper rulings by each Magistrate Judge, none of the defendants have violated any bond condition.

3) The history and characteristics of the Appellee (18 U.S.C. 3142 (g) (3) - The Appellee produced numerous [4]witnesses and letters to attest to his exceptional character and community service. The Appellee has no history of mental illness.

---

[3] The Magistrate Judge ruled independently and did not consider the favorable comparisons of the others to Appellee.

[4] The estimate of witnesses in court was 30.

He has substantial family ties including two United States Citizen children, a wife and five brothers and sisters in the United States, plus his mother in court who plans on remaining in the United States. Only one brother is in the Middle East.

The Appellee has been steadily employed as an entrepreneur since his decade long residence in South Florida. The Appellee has substantial resources in South Florida, which he will use for collateral for his bond.

The Appellee has never been arrested before for a felony, but does have a state misdemeanor. In that regard, the Appellee never missed a court appearance. The Appellee is not or was not on probation or parole when the offense was allegedly committed.

Additionally, the Magistrate Judge accorded weight to a letter written by a United States Immigration official in <u>his personal capacity</u>. Immigration Officer Richard Kalb [5] wrote (and offered to discuss this matter by telephone since he was working for the federal government that day), that the Appellee had a uniquely sincere application when he applied for and was granted political asylum. That the Appellee was of good character and that Richard Kalb was personally aware that Appellee did substantial community services including financial contributions and work for the catholic church and refugees even though he was not of their

---

[5] Additionally, the Appellee introduced 17 letters from various and diverse members of the community including Muslims, Jews, Catholics, Anglos, businessmen and even a Court Clerk who attested to Appellee's good character, the improbability of flight and their willingness to stake all they owned that Appellee will honor all bond conditions.

religion, nor from their nation. And finally, that given the Appellee's devotion to the United States, his political asylum claim and the war in the Middle East, flight would be extremely unlikely.

All of the factors in the Detention Act overwhelmingly favor release.

D. THE COMBINATION OF CONDITIONS FAVOR RELEASE

The Magistrate Judge has imposed [6]stiff conditions and the most restrictive of any Defendant granted bond in this case. These include electronic monitoring, house arrest with no right to work, a corporate surety bond that will be collateralized with the Appellee's family home, and four non-members of the Appellee's family who must pledge their homes with a combined value of $400,000.00.

United States v. O'Brien, 895 F.2d 810 (1st Cir. 1990) states that electronic monitoring overcomes the presumption of a drug charge.

E.  APPLICABLE CASE LAW

The Magistrate Judge is on solid ground in making his factual findings and conclusions of law. First of all, Magistrate Judge Seltzer previously detained Appellee at the aforementioned improper

---

[6] Appellee accepts these conditions with gratitude, having suggested same, and is in no way is critical of the Magistrate Judge.

hearing. It therefore took a judicious and careful analysis to rule in a contrary fashion. Magistrate Judge Seltzer found that at the first hearing, even with inadequate counsel, "This was a very close case".

Therefore, the Government is primarily relying on the rebuttable presumption. The Government has presented no evidence of risk of flight except that this United States resident has tenuous ties to the Middle East. However, that is clearly dispelled by the fact that Appellee has every reason to stay and defend a case with substantial hope of acquittal so that he will not lose the right to be a United States Citizen. Secondly, the personal opinion of the immigration official about the unique feelings the Appellee has for the United States, Appellee's United States Citizen children who would not logically accompany him to the war torn Middle East and his substantial contacts in the South Florida Community all belie any [7]tenuous connection (one brother) to the Middle East.

The presumption alone is overcome by substantial ties to the community, employment and good character. <u>United States v. Dominguez</u>, 783 F.2d 702 (7th Cir. 1986); <u>United States v. Simmons</u>, 643 F.Supp. 290 (S.D. Fla. 1986).

Once the presumption has been overcome, as in the instant case, the Government bears the ultimate burden. The burden by preponderance has been characterized as more substantial than in

---

[7] Additionally, the Appellee has no passport or legal ability to leave the United States.

the civil standard. <u>United States v. Chen</u>, 820 F.Supp. 1205 (N.D. Cal. 1992).

The Government presented no evidence that the Appellee would be a danger to the community. Even if it had, the Appellee's community ties, longstanding employment and good character would overcome that evidence. <u>Dominguez</u>, supra.

On the other hand, the Appellee produced substantial evidence acknowledged by the Magistrate Judge that the Appellee is not a danger to the community. First of all, the organization has no ability to warehouse and ship any more cold pills. Narog was arrested and detained and his company was dismantled. This is not an ongoing organization that could endanger the community. <u>United States v. Shea</u>, 749 F.Supp. 1162 (D.Mass. 1990).

Secondly, Appellee has no history of violence, and according to the testimony of Agent Collins, was peaceful and cooperative when arrested. At no time during the surveillance was the Appellee or anyone seen with a weapon.

## Conclusion

The Government is resting solely on the presumption and a quantity of legal pills that add up to level 30 of the United States Sentencing guidelines. The Magistrate Judge found substantial evidence to overcome the presumption.

In an abundance of caution, the Magistrate Judge has ordered such a rigid combination of conditions that it adds substantial weight to his judicious findings and conclusions.

The Appellee has worked hard to obtain appraisals, title searches and all of the conditions required by this bond and is ready to meet with the Government for approval.

Due to the aforementioned injustice, the 90 plus day detention and a trial date that was set over respectful objection five months hence, the Appellee respectfully requests that the Magistrate Judge's decision will be affirmed.

Dated: November 1, 2000.

Respectfully Submitted,

RICHARD A. HAMAR Bar #152751
MARIA R. HAMAR Bar #367214
Leonard Fenn Bar # 237337
Attorneys for Mohammed Samhan
2437 Briarcrest Road
Beverly Hills, CA 90210
(310) 550-0460
(310) 550-0461 (fax)

**AUSA Larry Bardfeld**
500 East Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394-3092

**Fred Haddad, Esquire**
Attorney for Defendant NAROG
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

**Glenn Seiden, Esquire**
Attorney for Defendant JABER
33 North Dearborn Street, Suite 1015
Chicago, IL 60602-3105

**Mark E. NeJame, Esquire**
Attorney for Defendant ALMASRI
1 South Orange Avenue, Suite 304
Orlando, FL 32801

**Theodore W. Weeks, Esquire**
Attorney for Defendant ABDELMUTI
1 Lake Morton Drive
P.O. Box 3
Lakeland, FL 33802-003

**Timothy Basiello, Esq.**
Attorney for Defendant FNEICHE
33 North Dearborn Street
Chicago, IL 60602

**Bruce A. Goodman, Esquire**
Attorney for Defendant AQUIL
2900 East Oakland Park Blvd.,
3rd Floor
Ft. Lauderdale, FL 33306

PROOF OF SERVICE

I, Richard A. Hamar, declare: I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On November 1, 2000, I mailed APPELLEE'S BRIEF on Larry Bardfeld, Assistant United States Attorney, located at 500 E. Broward Blvd. Fort Lauderdale, Florida 33394 by overnight mail and those on the service list by regular post, and a curtesty copy to the Honorable Magistrate Judge, Barry Seltzer, at 299 East Broward Blvd, Fort Lauderdale, Florida 33301. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This was executed at Beverly Hills, California.

_____
RICHARD A. HAMAR