NIGHT BOX
FILED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA        CLERK, USDC / SDFL / WPB

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. 00-6211-CR-HURLEY/VITUNAC |
| Plaintiff, ) | |
| v. ) | |
| MOHAMMED SAMHAN ) | |
| Defendant. ) | |

**MOTION TO DISSOLVE STAY**

Comes Now, MOHAMMED SAMHAN, by and through his undersigned counsel and respectfully requests that this Honorable Court dissolve the stay imposed on Defendant's release pending bond, ordered on October 27, 2000, for the following reasons.

1. The Defendant was originally detained on August 3, 2000. (R.T. 8/3/2000, p. 22).

2. A de novo hearing was granted because Defendant was not afforded a fair hearing because his counsel was not prepared for said hearing, reasonably relying on the belief that there would be a stipulated bond.

3. Magistrate Judge Barry S. Seltzer heard the matter de novo on October 27, 2000. After considering 17 letters, the presence of approximately 25 witnesses, a proffer by the Government and cross-examination of the lead agent, the Magistrate Judge ruled that the

Defendant is neither a flight risk nor a danger to the community. (R.T. 10/27/2000, pp. 24, 26, 3-15, 46-47).

4. However, the Government requested a stay of release. (R.T. 10/27/2000, p. 46-47).

5. The stay has now been in effect for over 30 days.

6. The Defendant has been, in essence, improperly detained since August 3, 2000, since this Court agreed that his original counsel failed to provide him with a fair hearing and Magistrate Judge Seltzer ruled that he is entitled to bond. Thus, the stay should be dissolved since the Defendant has been improperly detained for 112 days and counting.

7. Additionally, the Government has had time to file a Notice of Appeal, file the appeal and argument, and file the transcript. Thus, the Government no longer needs a stay since this matter has now been submitted and is now in the hands of this Court.

8. The stay is not necessary to protect the community. The Magistrate Judge has carefully considered the evidence that the Defendant is a peaceful person, has no felony priors, has no history with illegal drugs and was not the producer, manufacturer, warehouse owner, seller or principal distributor of the unlawful drug. In addition, the head of the organization has been arrested, his warehouse has been shut down and there is no organization left that could sell drugs. (R.T. 10/27/2000, 45-47).

9. The stay is not necessary to prevent flight. The Magistrate Judge has imposed the most rigid bond conditions of any Defendant granted bond in this matter, including a $400,000.00 property bond

consisting of four non-relatives' homes, a $100,000.00 corporate surety bond and house arrest. Virtually all of the Defendant's family are in South Florida, he will shortly be sworn in as a United States Citizen, he has an expired passport and he was granted political asylum. In that regard, the immigration official that granted asylum provided his personal written opinion to Magistrate Judge Seltzer that flight is highly unlikely for several well stated reasons. (R.T. 10/27/2000, 45-47).

10. Codefendant, Haddad, appears to have more involvement, less contacts in the community, a lower bond, and he was released pending appeal with no stay.

**MEMORANDUM OF LAW**

A. DISSOLVING THE STAY ALLEVIATES APPELLATE DELAY

An extreme delay in the processing of an appeal may amount to a violation of due process. See United States v. Antoine, 906 F.2d 1379, 1382 (9th Cir.) cert. denied, 498 U.S. 963 (1990).

Naturally, appellate delay is relative. The most important factor in determining delay is prejudice. Antoine, supra.

Although this case was examined in the context of a conviction, the principles are still valid. Since there has been no conviction, bond is the rule, rather than the exception. United States v. Orta, 760 F.2d 887 (8th Cir. 1985); United States v. Gerbo, 948 F.2d 1118 (9th Cir. 1991).

Additionally, once there has been a well reasoned decision that bond is appropriate, there is necessarily prejudice in any

3

appellate delay. Dissolving the stay immediately alleviates prejudice and is the proper remedy based on the Magistrate Judge's findings of facts and conclusions of law.

B.  DISSOLVING THE STAY COULD NOT CAUSE A RISK OF FLIGHT OR DANGER

When the codefendant, who is in charge of the alleged conspiracy is detained, the danger to the community rebuts the presumption of dangerousness. United States v. Beesley, 601 F.Supp. 82 (D.Fla. 1984). If the alleged person in charge of the conspiracy is granted bond in the future, this would clearly indicate that neither he nor the Defendant, Samhan, is a danger to the community.

Dangerousness is also overcome by substantial contacts in the community and a longstanding pattern of legitimate employment. United States v. Dominguez, 783 F.2d 702 (7th Cir. 1986); United States v. Simmons, 643 F.Supp. 290 (S.D. Fla. 1986).

Substantial family ties, friends and long standing employment overcome the presumption of the risk of flight. United States v. Carbone, 793 F.2d 559 (3rd. Cir. 1986); United States v. Garcia, 801 F.Supp. 258 (S.D. Iowa 1992).

## 88.9 CERTIFICATE

Pursuant to local rules, the undersigned certifies that on November 15, 2000, he spoke personally to Assistant United States Attorney Larry Bardfeld, who stated that he has submitted all pleadings plus the transcript in the above referenced matter,

intends to file no more pleadings or documents and opposes a lifting of the stay.

Dated: 11/27/2000                             Richard A. Hamar

    WHEREFORE, it is respectfully requested that this Honorable Court dissolve the stay forthwith and refer this matter to the Honorable Barry S. Seltzer to effectuate the terms of the bond that he has established.

    Dated: November 27, 2000.

Respectfully Submitted,

RICHARD A. HAMAR Bar #152751
MARIA R. HAMAR Bar #367214
Leonard Fenn Bar # 237337
Attorneys for Mohammed Samhan
2437 Briarcrest Road
Beverly Hills, CA 90210
(310) 550-0460
(310) 550-0461 (fax)

## PROOF OF SERVICE

I, Richard A. Hamar, declare: I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On November 27, 2000, I mailed this MOTION TO DISSOLVE STAY BY FEDERAL EXPRESS to Larry Bardfeld, Assistant United States Attorney, located at 500 E. Broward Blvd., Ste. 700, Fort Lauderdale, Florida 33394 and those on the service list by firsty class mail. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This was executed at Los Angeles, California.

_____
RICHARD A. HAMAR

SERVICE LIST
United States v. Mohammed Samhan
Case No.: 00-6211-HURLEY/VITUNAC

**AUSA Larry Bardfeld**
500 East Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394-3092

**Fred Haddad, Esquire**
Attorney for Defendant NAROG
One Financial Plaza, Suite 2612
Fort Lauderdale, Florida 33394

**Glenn Seiden, Esquire**
Attorney for Defendant JABER
33 North Dearborn Street, Suite 1015
Chicago, IL 60602-3105

**Mark E. NeJame, Esquire**
Attorney for Defendant ALMASRI
1 South Orange Avenue, Suite 304
Orlando, FL 32801

**Theodore W. Weeks, Esquire**
Attorney for Defendant ABDELMUTI
1 Lake Morton Drive
P.O. Box 3
Lakeland, FL 33802-003

**Timothy Basiello, Esq.**
Attorney for Defendant FNEICHE
33 North Dearborn Street
Chicago, IL 60602

**Bruce A. Goodman, Esquire**
Attorney for Defendant AQUIL
2900 East Oakland Park Blvd.,
3rd Floor
Ft. Lauderdale, FL 33306