UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 00-6211-CR-HURLEY/VITUNAC |
| Plaintiff, | ) | |
| v. | ) | |
| MOHAMMED SAMHAN | ) | **MOTION TO PRODUCE** |
| | ) | **SPECIFIC BRADY EVIDENCE** |
| Defendant. | ) | |

Comes Now, MOHAMMED SAMHAN, by and through his undersigned counsel and respectfully moves this Court to have the Government search its files, request of its agents, request of other Assistant United States Attorneys that have related cases in other Districts, and otherwise use due diligence to produce the below requested information:

**STATEMENT OF THE FACTS**

A codefendant controlled a warehouse known as Seaside Pharmaceutical. This company received large quantities of cold pills containing a substance known as pseudoephedrine.

On several occasions, Codefendant Haddad, requested Defendant, Samhan, to assist him with the transportation and packaging of these pills for shipment out of the state of Florida. The pills, in some instances, were taken out of their original packaging and

shipped loose. The boxes of pills, in some instances, were repackaged in boxes that were hand labeled to reflect that they were books and clothing.

When arrested, Samhan consented to a search of his home. The search revealed boxes of pills in loose form.

Pseudoephedrine is one chemical of eight that can be used to manufacture methamphetamine. The Government has some proof that the pills shipped by Haddad actually were sent to persons who intended to use the pseudoephedrine to manufacture methamphetamine.

Mohammed Samhan had no connection to the warehouse where the pills were stored. He did not travel to any out of state location where the legal cold pills were to be converted. He did not contact anyone out of state where the legal pills were to be converted. He had no relationship to anyone out of state connected to this matter.

There are no recordings of Samhan discussing this matter. There are no informants who indicate Samhan has done anything wrong. Samhan made no admissions. There are no "pay and owes" incriminating Samhan.

## ITEMS REQUESTED

### Lack of connection to Seaside Pharmaceutical warehouse

1. Furnish all evidence, including oral statements, written statements, physical evidence that indicates Mohammed Samhan had no control or connection to Seaside Pharmaceutical warehouse.

This would include, but not be limited to, leases, business agreements and oral reports and written reports of the lessor,

partners, suppliers or anyone doing business with Seaside Pharmaceutical that does not know Mohammed Samhan to be connected to Seaside Pharmaceutical. This would also include such evidence if it were in possession of the United States Attorneys Offices in any District where related matters are pending[1].

### Lack of connection to any manufacturers of methamphetamine

2. Furnish all evidence, including oral statements, written statements, physical evidence that demonstrates Mohammed Samhan has no connection to anyone that manufactured methamphetamine.

This would include, but not be limited to, travel records, phone records and/or "pay and owes" that omit the name of Mohammed Samhan or any reference to him. This would also include such evidence if it were in possession of the United States Attorneys Offices in any District where related matters are pending.

### Lack of connection to Codefendants

3. Furnish all evidence, including oral statements, written statements, physical evidence that indicates Mohammed Samhan had no relationship with any codefendants except Haddad.

This would include surveillance reports, leases, business agreements and telephone records. This would also include such

---

[1] This prosecution has a common connection to indictments in other federal jurisdictions in Colorado, Illinois and the Middle District of Florida. At one time, the United States Justice Department in Washington was monitoring all proceedings. Assistant United States Attorneys in other Districts have provided thousands of pages of discovery. A mere handful of pages has been provided in the instant case. Defendant Samhan requests all discovery provided in the related matters, especially the specific Brady requests in the instant motion.

3

evidence if it were in possession of the United States Attorneys Offices in any District where related matters are pending.

### Lack of suspicious activity

4.  Furnish all evidence, including oral statements, written statements, physical evidence that indicates that Mohammed Samhan acted in a normal, non-suspicious manner while handling the boxes of cold medicine.

This would include, but not be limited, to statements by persons at Pak Mail or others who observed Mohammed Samhan pack or move boxes, or drive a vehicle in a manner that did not arouse suspicion. This would also include evidence that others, who are not alleged coconspirators (i.e. employees of Pak Mail), who handled boxes or documents related to documents did so in a similar manner as Mohammed Samhan. This would further include such evidence if it were in possession of the United States Attorneys Offices in any District where related matters are pending.

### Lack of suspicious business practice

5.  Furnish all evidence, including oral statements, written statements, physical evidence that indicates that buying and selling legitimate cold medicine is a normal business practice.

This would include, but not be limited to, statements made by experts the Government has consulted related to this cold medicine, or manufacturers or distributors of this medicine. This would further include such evidence if it were in possession of the United States Attorneys Offices in any District where related matters are pending.

### Lack of direct connection to methamphetamine

6. Furnish all evidence, including oral statements, written statements, physical evidence that indicates that pseudoephedrine is just one of many chemicals used to make methamphetamine, any alternative chemicals to pseudoephedrine and reasons why shipping the pills at issue may not have been used to manufacture methamphetamine.

This would include, but not be limited to, statements made by experts the Government has consulted related to the production of pseudoephedrine. This would further include such evidence if it were in possession of the United States Attorneys Offices in any District where related matters are pending.

7. Furnish all evidence, including oral statements, written statements, physical evidence that indicates the pills that were shipped from Seaside Pharmaceutical did not end up in the hands of those that manufacture methamphetamine.

This would include, but not be limited to, all evidence that any of the pills shipped did not end up in the manufacturing process of methamphetamine cr were otherwise sold or distributed as a legitimate product. This would further include such evidence if it were in possession of the United States Attorneys Offices in any District where related matters are pending.

### Lack of involvement with money or financial instruments

8. Furnish all evidence, including oral statements, written statements, physical evidence that Mohammed Samhan had no

relationship to any money or financial instruments that were utilized to either buy or transport pseudoephedrine or methamphetamine or obtain proceeds from the sale of these drugs.

This would include, but not be limited to, bank records, receipts, wire transfers of the alleged coconspirators, or other evidence that omit the name of Mohammed Samhan or any reference to him. This would further include such evidence if it were in possession of the United States Attorneys Offices in any District where related matters are pending.

### MEMORANDUM OF LAW

<u>If the defense makes a specific request for Brady material, the standard for materiality is lessened. It becomes "whether the suppressed evidence might have affected the outcome of the case".</u> <u>United States v. Blasco</u>, 702 F.2d 1315, 1327 (11th Cir. 1983).

Furthermore, where a specific and relevant request is made, a failure by the prosecutor to "make any response is seldom if ever excusable." <u>U.S. v. Agurs</u>, 427 U.S. 97, 106, 49 L.Ed.2d 342, 96 S.Ct. 2392 (1976). "The prudent prosecutor will resolve doubtful questions in favor of disclosure". <u>Agurs</u>, <u>supra</u> at 108. <u>Brady</u> is not a rule of discovery, it is a rule of minimum prosecutorial obligation. <u>U.S. v. Beasley</u>, 576 F.2d 626, 630 (5th Cir. 1978).

For negative exculpatory statements, see <u>Jones v. Jago</u>, 575 F.2d 1164,1168 (6th Cir. 1977).

The prosecution has an affirmative duty to learn of any favorable evidence known to the police or others acting on the Government's behalf. <u>Kyles v. Whitley</u>, 514 U.S. 419 (1995).

Furthermore, any information regarding possible outrageous Government misconduct must be disclosed. <u>United States v. Simpson</u>, 813 F.2d 1462 (9th Cir. 1987); <u>United States v. Bogart</u>, 783 F.2d 1428 (9th Cir. 1987); <u>United States v. Archer</u>, 486 F.2d 670 (2nd Cir. 1973).

Disclosure of information impeaching a witness credibility must be timed to enable effective preparation at trial. <u>United States v. Polisi</u>, 416 F.2d 573, 578 (2d Cir. 1969); <u>United States v. Opager</u>, 589 F.2d 799 (5th Cir. 1979); <u>United States v. Pollack</u>, 534 F.2d 964, 973 (D.C. Cir. 1976).

## 88.9 Certificate

Pursuant to local rules the undersigned copied a motion in substantially this form approximately ten days ago and spoke personally to Assistant United States Attorney Larry Bardfeld, who stated on the date fixed below that he would make known any of the items requested that he believed were favorable to the defense pursuant to his <u>Brady</u> requirements but would not contact other Assistant United States Attorneys who are in charge of related cases and would not specifically request his agents to search for the items requested. Mr. Bardfeld further stated that he would write the undersigned a letter stating his position regarding this motion.

Dated: 12/15/2000                                    _____
                                                     Richard A. Hamar

WHEREFORE, it is respectfully requested that the Court order the Government to use due diligence to discover and disclose the Brady information requested no later than one month before trial.

Dated:  12/15/2000.

                                    Respectfully Submitted,

                                    _____
                                    RICHARD A. HAMAR Bar #152751
                                    MARIA R. HAMAR Bar #367214
                                    Leonard Fenn, Bar #237337
                                    Attorneys for Mohammed Samhan
                                    2437 Briarcrest Road
                                    Beverly Hills, CA 90210
                                    (310) 550-0460
                                    (310) 550-0461 (fax)

8

## PROOF OF SERVICE

I, Richard A. Hamar, declare: I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On December 15, 2000, I mailed this SPECIFIC BRADY REQUEST to Larry Bardfeld, Assistant United States Attorney, located at 500 E. Broward Blvd. Fort Lauderdale, Florida 33394 and those on the service list. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This was executed at Miami, Florida.

_____
RICHARD A. HAMAR

## SERVICE LIST

Larry Bardfeld, Esq.
Office of the U.S. Attorney
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, Florida 33394-3092

Timothy Basiello, Esq.
33 N. Dearborn Street
Chicago, IL 60602

Leonard Penn, Esq.
DeFabio and Penn, P.A.
2121 Ponce de Leon Blvd, Suite 430
Coral Gables, Florida 33134

Glenn Seiden, Esq.
33 N. Dearborn Street, Suite 1015
Chicago, IL 60602

Richard Hamar, Esq.
2437 Briarcrest Road
Beverly Hills, CA 90210

Mark NeJame, Esq.
1 South Orange Avenue, Suite 304
Orlando, Florida 32801

John R. Howes, Esq.
633 S.E. 3rd Avenue, Suite 4F
Fort Lauderdale, Florida 33301

Theodore Weeks, Esq.
1 Lake Morton Drive
P.O. Box 3
Lakeland, Florida 33802

Fred Haddad, ESq.
One Financial Plaza, Ste. 2612
Fort Lauderdale, Florida 33394