UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,           )   NO. 00-6211-CR-HURLEY/VITUNAC
                                    )
            Plaintiff,              )
                                    )
     v.                             )
                                    )
MOHAMMED SAMHAN                     )
                                    )
            Defendant.              )
                                    )
_____)

**MOTION TO SEVER**

COMES NOW, the Defendant, Mohammed Samhan, and respectfully moves that this Honorable Court sever his matter from all other defendants pursuant to Fed.R.Crim.P. 14 for the following reasons.

GROUNDS

SEVERANCE WILL PREVENT DENIAL OF THE RIGHT TO TRY THIS MATTER WITHIN THE SPEEDY TRIAL PERIOD AS ENUMERATED IN 18 U.S.C. 3161.

SEVERANCE WILL PREVENT DENIAL OF THE RIGHT UNDER THE CONSTITUTION TO TRY THIS MATTER WITHIN A REASONABLE TIME PURSUANT TO BARKER V. WINGO.

SEVERANCE SHOULD BE GRANTED FOR HUMANITARIAN REASONS AND IN THE INTERESTS OF JUSTICE.

## STATEMENT OF THE CASE

The Defendant respectfully refers this Honorable Court to the Defendant's Trial Brief, if the Court needs additional information concerning the facts, Defense case and its witnesses.

The first wave of Defendants, including Mohammed Samhan, were arrested on July 29, 2000.

The Indictment was filed on August 1, 2000. The gravamen of the charges was the possession of the precursor, pseudoephedrine, a substance used to manufacture methamphetamine.

The last Defendant to be arraigned, Raed Naser Aldin, was arraigned on October 10, 2000.

On November 7, 2000, the trial date in this matter was continued to March 5, 2001. The Defendant, Samhan objected to the continuance.

On February 8, 2001 the trial of this matter was continued. The Defendant, Samhan objected to this continuance.

On February 27, 2001, the Government filed a superceding indictment. The gravamen of this Superceding Indictment was to now charge a conspiracy to possess methamphetamine, as opposed to merely a conspiracy to possess the precursor.

The Defendants were arraigned on the Superceding Indictment on March 14, 15, 16 and 21, 2001. At his arraignment on March 14, 2001, Defendant Samhan objected on the record to the failure of the

Government to file a speedy trial report. Codefendant, Jabber, failed to appear on March 14, 2001 and remains a fugitive.

The trial of the Defendants who have not plead guilty is trailing a matter known as <u>United States v. Hogan</u>, 99-8125. This matter is projected to conclude during the week of June 18, 2001.

A status conference was conducted on June 5, 2001. The Court set this matter for trial on the October, 2001 calendar as the second preference. Defendant Samhan objected to any further delays based on the possibility of losing a witness, the prejudice of losing a possible exculpatory witness, increased guideline penalties, statutory speedy trial concerns, stress on the Defendant and his family and the increased costs of carrying a matter for this length of time. Defendant Samhan also suggested that his matter be transferred to a different judge that could begin this matter June 11, 2001 or June 18, 2001. The Court suggested that the undersigned file a motion to sever.

**SPEEDY TRIAL ISSUES**

At the status conference of March 14, 2001, the undersigned noted on the record that the Government had not filed a speedy trial report. Magistrate Vitunac also indicated that the court staff had not filed a speedy trial report. The undersigned requested speedy trial reports at this time.

The following is a rough interpretation from Defendant Samhan's point of view.

There will be a total elapsed time of approximately **430** days from the filing of the indictment until the possible start date of

the commencement of the jury trial in October, 2001. Samhan has not consented to any continuances or agreed to any waivers of speedy trial rights.

18 U.S.C. 3161 (c)(1) requires a criminal matter to be tried within 70 days of indictment.

However, this period will begin to run anew from the date of the latest arraignment of any codefendant. Since Codefendant Raed Naser Aldin was arraigned on October 10, 2000, there has been a total elapsed time of approximately 240 days from last arraignment to commencement of trial.

The filing of a Superceding Indictment does not restart the speedy trial clock. 884 F.Supp. 354.

Thus, the speedy trial period has run unless there have been more than 170 days chargeable to motions filed in this case from October 10, 2000 until commencement of trial. 18 U.S.C. (1) (f).

It appears that there were numerous substantive motions by various Defendants from October 10, 2000 until March 14, 2001. However, there is an argument that there is some period of time not excludable by the speedy trial rule.

From March 14, 2001 until the filing of this Motion to Sever, there have been motions carried for a lengthy time before this period, minor occasional motions related to counsel, motions to adopt other motions and the Motion to quash warrant filed by Raed Naser Aldin Motion on March 21, 2001 and the Motion to Suppress filed by Raed Naser Aldin on May 4, 2001.

4

However, it could be argued that only sixty days of these motions is a reasonable period of time[1]. 18 U.S.C. 3161 (1) (f) (j).

Subtracting 60 days from March 14, 2001 until June 11, 2001 leaves approximately 30 days. If this thirty day non-excludable time is added to the period from October 10, 2000 until March 14, 2001, there is additional non-excludable speedy trial time.

Assuming that no further motions were filed after June 11, 2001, and the continuance from the June 5, 2001 status conference until the continuance until October, 2001 is not excludable time[2], Samhan's statutory speedy trial time would run in **mid-July, 2001**.

Additionally, even if this Court and the Eleventh Circuit considered the various continuances to be excludable time, Mr. Samhan may lose witnesses, exculpatory testimony, face additional guideline penalties and endure the stress and expense of a lengthy time from indictment until trial.

Under any construction of the events in this matter, 430 days from the indictment until trial is excessive.

---

[1] For example, the Government has two trial attorneys assigned to this matter but has received a continuance of the motion to suppress because their lead counsel is in trial. See Docket # 384.

[2] Court congestion and vacations would probably not be considered to be excludable time. Mr. Howes conflict may or may not be excludable time. However, a severance would solve that problem.

5

## SEVERANCE AS AN ALTERNATIVE

A separate trial for Defendant Samhan should take no longer than one trial week. The Government will establish through surveillance, arrest and seizure that Mr. Samhan assisted codefendant Haddad pack, move and load boxes contain Sudafed cold medicine.

The Government will also establish that Mr. Samhan drove in a counter-surveillance manner and possessed money order receipts.

The Government has noticed one expert, who resides in California, who will testify about the process of manufacturing methamphetamine, including the precursor at issue. <u>The Defendant will stipulate to this evidence to save the Government the expense and time of calling this witness</u>. The Defendant will likely stipulate to any other foundational witnesses.

The defense has already laid out the defense and witnesses for the Government and Court in its Trial Brief. The defense case may last two days, with the potential to work out some stipulations to reduce this time.

Since Samhan's defense case will take approximately two days whether the case is tried separately or jointly, the Court is arguably losing merely two to three days by duplication of efforts as the Government puts its case on for Samhan.

The Defendant takes no position whether the case of Aldin should be severed and tried jointly with Samhan.

6

## MEMORANDUM OF LAW

18 U.S.C. 3161 et.seq., <u>Barker v. Wingo</u>, and the interests of justice section in Fed.R.Crim.P. 14 all weigh in favor of severance of Samhan from the other Defendants.

## CERTIFICATE PURSUANT TO 88.9

The Government was present at the status conference when the Court and Defendant raised the issue of Severance. The Government appeared to be less opposed to severing Defendant Samhan based on judicial efficiency that severing both Aldrin and Samhan. The Government will further consider this matter and respond to this motion and attend a specially set status conference re: severance.

## CONCLUSION

For the reasons stated, the case of Defendant Samhan should be severed and the right to trial be granted when this Honorable Court has concluded the matter of <u>U.S. v. Hogan</u>.

Respectfully submitted by,

Richard A. Hamar
Florida Bar # 127562
2437 Briarcrest Road
Beverly Hills, CA 90210
(310) 550-0460
(310) 550-0461
Attorney for Samhan

## PROOF OF SERVICE

I, Richard A. Hamar, declare: I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On June 5, 2001, I transmitted by fax (954-356-7336) this a MOTION TO SEVER to Larry Bardfeld, Assistant United States Attorney, located at 500 E. Broward Blvd. Fort Lauderdale, Florida 33394 and mailed this motion to those on the service list. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This was executed at Miami, Florida.

_____
RICHARD A. HAMAR