UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-CR-HURLEY(s)



UNITED STATES OF AMERICA   )
                           )
v.                         )
                           )
MOHAMMED SAMHAN,           )
_____)

<u>UNITED STATES' RESPONSE TO MOTION TO SEVER</u>

The United States of America, by and through undersigned counsel, hereby files this response to Defendant, MOHAMMED SAMHAN's Motion to Sever. On June 5, 2001, Defendant MOHAMMED SAMHAN moved to sever his case from all other co-defendants in the case. Defendant claims that his right to a speedy trial will be violated if his case is not severed from the co-defendants and he is not tried separately. Defendant's right to a speedy trial will not be violated if his case is not severed and this case goes to trial on the October 2001 trial calendar. In conspiracy cases, persons who are charged together should also be tried together. To require the United States to try this case twice would result in an unnecessary duplication of time, effort and resources. Accordingly, the Motion to Sever should be denied.

On August 1, 2000, a grand jury in the Southern District of Florida returned an indictment against Defendant MOHAMMED SAMHAN



and thirteen co-defendants. On February 27, 2001, a grand jury returned a superseding indictment against SAMHAN and his co-defendants. In the superseding indictment, all of the defendants were charged with conspiracy to possess and distribute pseudoephedrine, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine (Count 1), in violation of 21 U.S.C. §841(d)(2) and 846. In a second count of the superseding indictment, MOHAMMED SAMHAN, Thomas Narog and Rabah El-Haddad were charged with conspiracy to manufacture at least 50 grams of methamphetamine (Count 2), in violation of 21 U.S.C. §841(a)(1) and 846. SAMHAN was also charged in three substantive counts with possession of pseudoephedrine knowing or having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine (Counts 11,12 and 14), in violation of 21 U.S.C. §841(d)(2). Defendants Motlaq Jaber and Terek Zaki Abu-Lawi have never been arrested and are currently fugitives. Defendant Ghandi Jaber became a fugitive on March 14, 2001, when he failed to appear for his arraignment on the superseding indictment. Defendant SAMHAN is currently on bond.

On June 5, 2001, a status conference was held. At that time, this Court continued the case because of conflicts of attorneys for co-defendants who are unavailable. The Court continued the matter until the October, 2001 trial calendar. On June 5, 2001, SAMHAN

filed a Motion to Sever.

Defendant's motion to sever is without merit. The burden is on the defendant to "demonstrate that a joint trial will result in specific and compelling prejudice to the conduct of his defense". See United State v. Schlei, 122 F.3d 944, 984 (11th Cir. 1997); see also United States v. Walker, 720 F.2d 1527, 1533 (11th Cir. 1983). Defendant cannot make that showing. To sever MOHAMMED SAMHAN from co-defendants will result in the unnecessary duplication of time, resources and effort. It is the District Court's duty to "balance the prejudice that a defendant may suffer from a joint trial, against the public's interest in judicial economy and efficiency." United States v. Schlei, 122 F.2d at 984; see also United States v. Cross, 928 F.2d 1030, 1037, cert. denied, 502 U.S. 985 (1991).

## THERE IS NO SPEEDY TRIAL VIOLATION

Defendant SAMHAN's right to a speedy trial will not be violated if he is tried in October, 2001 with his coconspirators. No time has run for speedy trial purposes. Defendants Motlaq Jaber and Terek Zaki Abu-Lawi have never been arrested and are currently fugitives. Defendant Ghandi Jaber became a fugitive on March 14, 2001, when he failed to appear for his arraignment on the superseding indictment. Because there are currently outstanding fugitives, the speedy trial clock has not yet begun run. See United States v. Tobin, 840 F.2d 867 (11th Cir. 1988)(delay of eight months and 10 days to permit apprehension of co-defendant was

reasonable and thus excludable from defendant's speedy trial computation); see also United States v. Pena, 793 F.2d 486 (2d Cir. 1986) (a reasonable period of time pending the apprehension of indicted co-defendants may be excluded from speedy trial computation where a motion for severance has not been granted); United States v. Felton, 592 F.Supp. 172, 184-85 (W.D.Pa. 1984)(delay of almost one year awaiting apprehension of indicted co-defendant held reasonable in light of congressional preference for joint trial), rev'd on other grounds, 753 F.2d 256.

A delay caused by one defendant is generally excludable as to his co-defendants. See United States v. Tobin, 840 F.2d 867, 869 (11th Cir. 1988); United States v. Pirolli, 742 F.2d 1382, 184 (11th Cir. 1984) ("Anything which 'stops the clock' for one defendant does so for the same amount of time as to all defendants."). Title 18, United States Code, Section 3161(h)(7) provides for exclusion of "a reasonable period of delay when the defendant is joined for trial with a co-defendant as to whom the time for trial has not run and no motion for severance has been granted". See 18 U.S.C. §3161(h)(7). It is important to note that the legislative history of Section (h)(7)of the Speedy Trial Act was "to make sure that [the Act] does not alter the present rules on severance of co-defendants by forcing the government to prosecute the first defendant separately or to be subject to a speedy trial dismissal under Section 3161". Tobin, 840 F.2d at 869. The Court pointed

out that

> Congress recognized the utility of multi-defendant trials to effectuate the prompt efficient disposition of criminal justice. It felt that the efficiency and economy of joint trials **far outweighed** the desirability of granting a severance where the criterion was simply the passage of time."

Tobin, 840 F.2d at 869 (quoting United States v. Varella, 692 F.2d 1352, 1359, (emphasis added)).

The delay attributable to unapprehended co-defendants is excludable as to SAMHAN so long as it is reasonable. In this case, Terek Abu-Lawi and Motlaq Jaber are unapprehended fugitive co-defendants. It has been ten months since the original indictment was returned in this case, and three months since the superseding indictment was returned. Such a delay in a multi-defendant case is reasonable. See United States v. Tobin, 840 F.2d 867 (Court found that a reasonable period of time pending apprehension of indicted co-defendants - 8 months, 10 days - may be excluded from speedy trial computation for a defendant before the court, where a motion for severance has not been granted).

There will be no violation of the Speedy Trial Act even without consideration of excludable time created by the fugitive status of SAMHAN's co-defendants. SAMHAN was arraigned on August 10, 2001. However, co-defendant, Raed Aldin was the last defendant arraigned on the original indictment on October 10, 2000. Speedy trial would have begun to run on October 11, 2000, unless otherwise tolled. On November 7, 2000, this Court entered an order setting

5

this case for trial for the trial term beginning March 5, 2000, thereby tolling speedy trial. The Court found

> the period of delay resulting to and including the date the trial commences shall be deemed excludable time in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §3161. The court further finds that the ends of justice served by taking such action outweighed the best interest of the public and the defendant with the regard to a speedy trial pursuant to 18 U.S.C. §3161.

See November 4, 2000 Order Resetting Trial Date (Docket Entry No. 203).

On March 19, 2001, this Court issued an order continuing the case until the trial calendar beginning April 2, 2001. The Court again found that the period of delay resulting to and including the date the trial commences shall be deemed excludable time in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §3161. See March 19, 2001 Order Resetting Trial Date (Docket Entry No. 320). On June 5, 2001, the Court continued the case until the October 9, 2001 trial calendar. The Court again found the time to be excludable because three defendants are fugitives and because the ends of justice served by continuing the case outweigh the best interest of the public and defendant in a speedy trial because of the unavailability of a co-defendant's counsel. See June 6, 2001 Order Resetting Trial Date (Docket Entry No. 397).

The time between October 11, 2000 (when the last defendant was arraigned) and November 7, 2000 (when the first order setting the case for trial) is also excludable. On September 28, 2000,

6

Defendant SAMHAN filed a Motion for De Novo Review of Order Setting Detention Pending Trial. On October 10, 2000, Defendant SAMHAN filed a Supplement to that motion. On November 2, 2000, this Court entered an order granting the Motion to Reopen Detention Hearing. (From the docket sheet, the second detention hearing appears to have occurred on October 27, 2000, before the Order was issued). On October 27, 2000, the United States appealed the Magistrate Judge's Denial of Request for Pretrial Detention. On November 27, 2000, this Court issued an Order affirming the Magistrate Judge's Order Setting Terms and Conditions for Pretrial Release. All of that time should be excludable.

## THE DEFENDANTS SHOULD NOT BE SEVERED

Defendant SAMHAN is charged in two separate conspiracies. In the first conspiracy he is charged with all of the co-defendants with conspiracy to possess and distribute pseudoephedrine, knowing and having reasonable cause to believe that the pseudoephedrine would be used to manufacture methamphetamine. In the second conspiracy, he is charged with Narog and El Haddad with conspiracy to manufacture methamphetamine. In conspiracy cases, persons who are charged together should also be tried together. United States v. Knowles, 66 F.3d 1146, 1158 (11th Cir. 1995), cert. denied sub nom. Wright v. United States 517 U.S. 1149 (1996), see also United States v. Castillo-Valencia, 917 F.2d 494, 498 (11th Cir. 1990)("The general rule in this circuit is that defendants who are jointly

7

indicted should be tried together, and this rule has been held to be particularly applicable to conspiracy cases."); see also United States v. Walker, 720 F.2d at 1533 ("The general rule is that defendants who are jointly indicted should be tried together, and this rule applies with particular force to conspiracy cases").

A motion requesting severance under Rule 14 of the Federal Rules of Criminal Procedure is a matter for the sound discretion of the trial judge. Walker, 720 F.2d at 1533. This Court must balance the possibility of prejudice to the defendant against the public interest in judicial efficiency and economy. See United States v. Cross, 928 F.2d at 1037.

> [Joinder] expedites the administration of justice, reduces the congestion of trial dockets, conserves judicial time, lessens the burden upon citizens who must sacrifice both time and money to serve upon juries, and avoids the necessity of recalling witnesses who would otherwise be called upon to testify only once.

Parker v. United States, 404 F.2d 1193, 1196 (1968), cert. denied 394 U.S. 1004 (1969).

In this case, the United States would be required to duplicate its efforts in trying the case twice. The majority of witnesses would be required to testify in both cases. Numerous seizures of pseudoephedrine transported from the Southern District of Florida to California and Oregon were made. Many of the witnesses will be traveling from California and Oregon. Those witnesses are law enforcement officials who discovered clandestine methamphetamine labs where Tru-Choice pseudoephedrine (Narog's brand name) was

found, or methamphetamine dump sites where Tru-Choice pseudoephedrine was dumped. All of the witnesses involved in the surveillance and seizures of the pseudoephedrine, and all of the witnesses involved in the discovery of the clandestine methamphetamine labs and the dump sites, will be required to prove the Government's case against SAMHAN. A total of 30 witnesses will be necessary to establish the scope and breadth of the conspiracy, which spans eleven months and extends from Florida to California and Oregon.

The evidence against MOHAMMED SAMHAN and co-defendant Rabah El Haddad is almost identical. Throughout the entire conspiracy, SAMHAN and El-Haddad were together. They picked up pseudoephedrine together. They packaged pseudoephedrine together. They unpacked pseudoephedrine together. They shipped pseudoephedrine together. They conducted counter surveillance together. It would be a duplication of time and resources if the Government is required to try this case twice. These two defendants should not be separated as the proof against them is almost identical. Since SAMHAN, El Haddad and Narog are all charged in a conspiracy to distribute methamphetamine, much of the evidence against Narog will be introduced against SAMHAN also. It is important for the jury to understand the scope and reach of this conspiracy. "A joint trial is by far the most efficient method of presenting a complete picture of a complex conspiracy to the trier of fact." United

States v. Davenport, 935 F.2d 1223, 1240 (11th Cir. 1991). The fact that SAMHAN is not charged in all counts of the indictment does not negate the validity or importance of conducting a joint trial. See United States v. Simon, 839 F.2d 1461, 1472 (11th Cir. 1988).

Congress has recognized the utility of multi-defendant trials to effectuate the prompt and efficient disposition of criminal justice. The efficiency and economy of joint trials far outweighs the desirability of granting a severance where the criterion is simply the passage of time. See United States v. Varella, 692 F.2d 1352, 1359 (11th Cir. 1982).

> Congress feared that rigid statutory time limits would force courts to disregard the principle of "judicial efficiency;" courts would be forced to "grant severances unnecessarily in multi-defendant cases 'so that a defendant whose case was moving slowly would not hold up the trial of his co-defendants'".

Varella, 692 F.2d at 1359 ("In multiple defendant cases, such as major narcotic conspiracies, judges may be forced to grant severances which would otherwise not be required. This in turn would lead to more trials and more congestion. Thus reasonable delay in multi-defendant cases was specifically provided for by 18 U.S.C. §3161(h)(7)").

A continuance of this matter until the October 2001 trial calendar will not deny SAMHAN his right to a statutory speedy trial or a constitutional speedy trial. SAMHAN is currently on bond. Speedy trial has not run and will not run so long as this Court finds that the interests of justice require a continuance of this

matter so all of the parties who are going to trial in this matter can be tried together, which the Court has done.

Defendant contends that a separate trial for Defendant SAMHAN should take no longer than one week which includes two days for a defense case. Defendant is mistaken in his trial estimate. The Government estimates that a trial against only SAMHAN will take at least two weeks since the conspiracy spanned 11 months and extended from Florida to methamphetamine labs in California. The Government anticipates calling at least 30 witnesses, ten of whom are from California and Oregon to establish the full nature and extent of the conspiracy.

Defendant SAMHAN cannot show any prejudice if the Motion to Sever is denied. Defendant SAMHAN is currently on bond. Defendant SAMHAN merely makes the conclusory statement that he may lose witnesses, exculpatory testimony, face additional guideline penalties and endure the stress and expense of a lengthy time from indictment until trial.

In light of the fact that Defendant is currently on bond, that the evidence against SAMHAN will be almost identical to the evidence presented against co-defendant Rabah El Haddad, that ten witnesses will travel from California or Oregon to testify, that the trial will last at least two weeks, and that there is a general preference for all defendants to be tried together in conspiracy cases, this Court should deny the Motion to Sever.

WHEREFORE, the United States respectfully requests that this Court deny Defendant MOHAMMED SAMHAN's Motion to Sever.

                Respectfully submitted,

                GUY A. LEWIS
                UNITED STATES ATTORNEY

By: _____
    LAURENCE M. BARDFELD
    Assistant U.S. Attorney
    500 East Froward Blvd., #700
    Ft. Lauderdale, Florida  33394
    (954) 356-7255, Fax: 356-7228
    Fla. Bar No. 712450

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via overnight mail and fax this 13 day of June 2001, to: Richard Hamar, Esquire, 2437 Briarcrest Road, Beverly Hills, CA 90210.

LAURENCE M. BARDFELD
ASSISTANT U.S. ATTORNEY