**ORIGINAL** UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. 00-6211-CR-HURLEY/VITUNAC |
| Plaintiff, ) | |
| v. ) | |
| MOHAMMED SAMHAN ) | |
| Defendant. ) | |

**SPECIALLY REQUESTED QUESTIONS TO THE PROSPECTIVE JURORS**

**(Supplemented since the events of September 11, 2001)**

It is respectfully requested that the Court permit follow-up questions by counsel if any issues arise:

Voir Dire has "little meaning if not conducted by counsel. "U.S. v. Ladee, 549 F.2d 990 (5th Cir. 1977). Other courts have required participation by the parties.

E.g. Oden v. State, 90 N.W.2d 356 (Neb. 1968); Griffin v. State, 389 S.W.2d 900 (Ark. 1965); Donovan v. People, 28 N.W. 964 (Ill. 1981). In some cases, especially where pretrial publicity or bias is involved, the Appellate Courts have found a judge's examination of jurors ineffective and stated that there are some circumstances where the defense must have the right to conduct the Voir Dire. Silverthorne v. United States, 400 F.2d 627 (9th Cir.

1968); Morford v. United States, 339 U.S. 258 (1950); U.S. ex rel Bloeth v. Denno, 313 F.2d 364 (2d Cir. 1963). There is at least one study which compared mock juries selected through attorney-conducted Voir Dire with mock juries selected without Voir Dire. Padawer-Singer, Alice et al. "Voir Dire by Two Lawyers: An Essential Safeguard", 57 Judicature 386, April 1974. The authors concluded that attorney-conducted Voir Dire minimized the effect of extraneous material (prejudicial publicity) on juror decision making, eliminated jurors who are easily swayed, sensitized others against group pressure, and, that jurors seated with attorney-conducted Voir Dire were "more aware of the importance of legal procedures and admissible evidence."

Nonverbal communication between attorneys and prospective jurors can be a telling indicator of potential bias. Jurors who are biased or whose conclusions about a case will be based in their opinions of counsel, are more likely to display signs of tension, evasion or vert hostility when questioned directly by counsel.

Counsel are familiar with the issues, facts and methods of proof to be presented at trial. They can develop an intimate understanding of what follow-up questions might be designed to reveal these biases.

## **REQUESTED QUESTIONS**

1. Do you know any people who were killed or injured as a result of the acts of terrorism that occurred on September 11, 2001?

2. Were you directly affected in any other way such as loss of job, financially, psychologically, travel interruptions, or in any other manner by the acts of terrorism that occurred on September 11, 2001?

3. Do you feel that the acts of terrorism against our country on September 11, 2001 has made you angry against people from the Middle East?

4. It has been widely reported that some people in towns in the Middle East celebrated the attacks on the United States. If it were established that a Defendant was from one of those towns, would you be able to withhold your anger from that Defendant?

5. How many of you have strong feelings about the Arab-Isreal conflict?

6. How many of you support Isreal in any form or fashion?

7. Would your support of Israel combined with the recent terrorist attacks make it more difficult for you to sit in judgment of a defendant from Palestine at this time?

8. How many of you have formed some opinions, whether strongly held or not, about persons that were born and raised in the West Bank of Palestine, or persons considered to be Arabs?

9. How many of you feel comfortable around such persons?

10. Have you had any experiences with persons that were born in the Middle East that have caused a negative feeling or reaction?

11. How many of you think that a person born and raised in the West Bank of Palestine is more likely to commit a crime than an anglo who resides in South Florida?

12. Would you hold an Arab to a higher standard in determining his innocence than a non-arab?

13. Do you feel that persons known as Arabs might be more likely to commit an act of terrorism, dishonesty or a violation of the law?

14. The acts of terrorism have been associated with a sect of the Muslim Religion. If it were determined that a Defendant was of the Muslim religion, would you be able to withhold any anger or prejudice against that Defendant?

15. If during the next few weeks of this trial there were any additional acts of terrorism that took place on U.S. soil that were attributed to persons from the Middle East or Muslim sect, would you be able to assure this Court and the parties that you could continue to be a fair juror?

16. For those of you who have expressed your ability to set aside any prejudice against any Defendant because of the events of September 11, 2001 or their national origin or religion, are you absolutely convinced that you can guarantee this Court that you would treat the Defendants as fairly as a defendant who was born in the United States, of non-Arabic heritage and of a non-Islamic religion?

17. Do all of you speak and understand the English language fluently?

18. How many of you feel extremely angry about the use of illegal drugs in our nation?

19. How many of you have been personally adversely affected by illegal drugs?

20. How many of you have taken a personal position publicly regarding illegal drugs?

21. If you had a reasonable doubt about the guilt of MR. SAMHAN, would you hesitate in finding him not guilty as you are required by law, even though this case allegedly involves a large quantity of chemicals?

22. How many of you have problems with the concept of the Government's burden requiring proof beyond a reasonable doubt?

    a. Do any of you think this is too high a burden?

    b. If any of you thought the Defendant was probably guilty, but you had one solitary reasonable doubt concerning his guilt, would you hesitate to find him not guilty?

23. Would any of you feel comfortable in the community or with your friends or family if you felt compelled to reach a verdict of not guilty?

24. As you know, in a criminal case the defendant is granted the presumption of innocence. This is to say, the defendant is innocent until proven guilty. However, many people think that it is the job of the defendant to prove his innocence. In this particular case, do you think the Defendant should prove his

innocence?

25. The Indictment in this case is not evidence of any kind. It is merely a piece of paper used to bring the Defendant into Court the same as a complaint in a civil case. Do you have the belief that because the person was indicted there must be sufficient evidence to find him guilty?

26. Could you describe your immediate family?

27. What is your religious preference?

28. What is your educational background?

29. To what clubs, societies, professional associations or other organizations do you belong?

30. What is your occupation and for how long have you been so engaged?

31. Is any member of the jury panel friendly, associated or related to anyone in the United States Attorney's Office or any law enforcement agency whether it be city, county, State or Federal?

32. Were any of you ever members of a law enforcement agency in life?

33. If any members answered "yes" to question #21, then the Defendant requests the following questions be propounded to that individual juror answering question 22 as "yes":

    a. In what capacity did you serve?

    b. What was the length of your service?

    c. What training, if any, was given to you by the law enforcement agency with which you served regarding courtroom procedure and manner and means of testifying in the courtroom?

34. Were you ever a witness in a criminal action for the United States Government or any subdivision thereof?

35. Were you ever a witness in a criminal action for any State or political subdivision thereof?

36. Do any of you believe that a police officer or an agent of the United States is capable of making a mistake, lying or distorting the facts?

37. If this case consisted of just two witnesses, and one witness was an agent of the United States Government and the other was not, would any of you tend to give more credibility to the agent of the United States Government simply because he is an agent of the United States Government or police officer?

38. Have you ever been a member of the Armed Forces?

39. If any of the members answered "yes" to the question #27, then the Defendant requests that the following questions be propounded to that individual juror answering question #28 "yes":

    a. In what branch of the military service did you serve?

    b. For what length of time?

    c. What was the highest rank of grade you attained?

    d. Did you ever have an occasion to serve in the capacity of the military police?

    e. Did you ever sit on a court martial board?

    f. Were you ever a witness in the military service in a court martial proceeding?

    g. Did you ever serve in the capacity of a prosecutor

for an offense in violation of the Uniform Code of Military Justice?

40. Are any of you acquainted with any witnesses for the prosecution? It is further requested that the Court require the Government to produce the names of all the witnesses in order that the Court may identify these witnesses to the prospective panel in order that the Defendant may determine whether a Government witness is known to any member of the panel.

41. Have any of you ever been a victim of a crime? What crime(s)?

42. Have any members of your family or close friends ever been victims of a crime? What crime(s)?

43. Have you or any member of your family ever been the complaining witness in a criminal case? What kind of case?

44. Have any of you ever served as a juror in a criminal case?

45. Have any of you ever served as a juror in a case involving conspiracy or narcotics?

46. Was any agreement as to a verdict reached in any case in which you served as a juror?

47. Do you like to read books or magazines? If so, what kind?

48. Have any of you worked more than seventy hours a week in the last year?

49. If so, are you tired now, or do you have too many responsibilities to concentrate on this case?

50. How many of you like to carefully plan your day or week?

51. Would it bother you and affect your ability to serve if you could not carry out your plan because jury service will disrupt your plan?

52. Do you like to travel?

53. Do you like to take trips on the spur of the moment?

54. Do you like tours or individual trips?

55. Are any of you in a position to supervise other people?

56. Would they be on your mind and distract you from carefully considering the evidence?

57. How many workers are under your supervision?

58. Do you work under pressure or do you have a slower work pace?

59. What personal achievements of yourselves or your family are you particularly proud of?

60. Are there any personal deficiencies in yourself or other people that really bother you?

61. If a co-worker is in a group with you and he or she does not do her or his assignment, would you turn her or him in or jointly take the blame for not finishing the project as a group?

62. What if you were going to be fired without the prospect of another job?

63. What if the co-worker was your best friend?

64. Have you ever provided any State or Federal agency with any information that caused another to get in trouble?

65. Does any vehicle you own, use or is used by or owned by

your household, have a bumper sticker on it? If so, what does it say? (Defendant seeks by requesting this question to inquire as to the obvious bias towards a non-English speaking defendant shown by messages as: "Will the last American leaving the County please bring the flag," or "I am a native American, an endangered species," and/or other messages that would demonstrate prejudice in this case.)

66. Do you have any specific knowledge about Pseudoephedrine or Methamphetamine?

67. Do you believe that because a defendant is accused of possession of either of these drugs that he is responsible for the drug problem in society?

68. Do you feel that this case is your opportunity to do something about the drug problem in society?

69. Do any of you feel that the drug laws are not enforced vigorously enough?

70. Have you or anyone that you are close to been affected by drugs in some way?

71. Do you believe a person could be fooled into unknowingly becoming involved in a criminal drug venture?

72. Do you believe that a person could be unknowingly used by person(s) involved in the drug business?

73. Have you ever been present at a location where something illegal or improper was taking place but you were not part of it? Do you recognize that mere presence at the scene of the crime is not in and of itself reason to convict?

74. Has anyone asked you to do something for them that you realized later could have gotten you in trouble or did get you in trouble?

75. Do any of you have negative feelings towards immigrants?

Respectfully submitted,

RICHARD A. HAMAR
Attorney for PARKER
2437 Briarcrest
Beverly Hills, CA 90210
(310) 550-0460

## **CERTIFICATE OF SERVICE BY MAIL**

PROOF OF SERVICE

I, Richard A. Hamar, declare:  I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On September 28, 2001, I mailed the SUPPLEMENTAL SPECIALLY REQUESTED VOIR DIRE QUESTIONS to Tom O'Malley, Assistant United States Attorney, located at 500 E. Broward Blvd.m 7th floor, Fort Lauderdale, Florida 33394 and all those on the service list.  I also sent this Notice by fax to Mr. Bardfeld.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This was executed at Beverly Hills, CA.

_____
RICHARD A. HAMAR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed this __28__ day of September, 2001 to:

Fred Haddad, Esquire
One Financial Plaza
Suite 2612
Ft. Lauderdale, Florida 33394

Richard Hamer, Esquire
2437 Briarcrest Road
Beverly Hills, CA 90210

Randee Golder, Esquire
P.O. Box 3756
Boynton Beach, Florida 33424-3756

John Howes, Esquire
633 S.E. 3rd Avenue
Suite 4-F
P.O. Box 697
Ft. Lauderdale, Florida 33302-0697

Tim Biosello, Esquire
33 North Dearborn Street
Suite 1015
Chicago, IL 60602-3105

Glenn Seiden, Esquire
33 North Dearborn Street
Suite 1015
Chicago, IL 60602-3105

Mark NeJame, Esquire
One South Orange Avenue
Suite 304
Orlando, Florida 32801

Theodore Weeks, IV, Esquire
One Lake Morton Drive
Post Office Box 3
Lakeland, Florida 22802-003

Paul Goodman, Esquire
33 North Dearborn Street
Suite 1015
Chicago, IL 60602-3105

Charles White, Esquire
2250 S.W. 3rd Avenue
Suite 150
Miami, Florida 33129

_____
RICHARD A. HAMAR