

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CASE NO. 00-06211-CR-Hurley/Vitunac |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| MOHAMMED SAMHAN, et. al ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT SAMHAN'S PROPOSED JURY INSTRUCTIONS**

Defendant, MOHAMMED SAMHAN, by and through his counsel, hereby files the following proposed jury instructions in the above-captioned matter. The Defendant Samhan respectfully requests that the Court give these jury instructions in addition to any Joint Jury Instructions agreed upon. The specially proposed instructions are important, since the standard instructions are merely general, and are may not be sufficient for the particular case. U.S. v. Barber, 442 F.2d 517 (3rd Cir. 1971); McDowell v. Calderon, 130 F.3d 833 (9th Cir. 1997).



It is respectfully requested that the Defendant be allowed to propose any additional instructions at a later time.

Respectfully submitted,

Dated: September 28 , 2001

_____
RICHARD A. HAMAR #127562
HAMAR AND HAMAR
2437 Briarcrest Road
Beverly Hills, California 90210
(310) 550-0460
(310) 550-0461 (fax)
Attorney for Samhan

## PROPOSED INSTRUCTIONS

1. Duty to Follow Instructions, Presumption of Innocence

2. Definition of Reasonable Doubt

3. Credibility of Witnesses

4. Prior Inconsistent Statement/Defendant Testifies with no Prior Felony

5. Character Evidence

6. Habit, Custom, Routine Practice, Character Trait

7. Expert Witness

8. Possession with the Intent to Distribute

9. Knowledge of a Controlled Substance

10. Theory of the Defense (to be submitted after the evidence is admitted)

11. Limiting Instructions (to be submitted )

COURT'S INSTRUCTION NO. _____

DEFENDANT SAMHAN'S PROPOSED INSTRUCTION NO. \_\_1\_\_\_

DUTY TO FOLLOW INSTRUCTIONS, PRESUMPTION OF INNOCENCE

You must make your decision only on the basis of the testimony and other evidence presented here during the trial; and you must not be influenced in any way by either sympathy or prejudice for or against the Defendant or the Government.

You must also follow the law as I explain it to you whether you agree with that law or not; and you must follow all of my instructions as a whole. You may not single out, or disregard, any of the Court's instructions on the law.

The indictment or formal charge against any Defendant is not evidence of guilt. Indeed, every Defendant is presumed by the law to be innocent. The law does not require a Defendant to prove innocence or to produce any evidence at all. The Government has the burden of proving a Defendant guilty beyond a reasonable doubt, and if it fails to do so you must find that Defendant not guilty.

11th Cir. Pattern Jury Instruction, No. 2.1, Duty to Follow Instructions, Presumption of Innocence

Given: _____

Denied: _____

Modified: _____

COURT'S INSTRUCTION NO. _____

DEFENDANT SAMHAN'S PROPOSED INSTRUCTION NO. ___2___

DEFINITION OF REASONABLE DOUBT

Thus, while the Government's burden of proof is a strict or heavy burden, it is not necessary that a Defendant's guilt be proved beyond all possible doubt. It is only required that the Government's proof exclude any "reasonable doubt" concerning the Defendant's guilt.

A "reasonable doubt" is a real doubt, based upon reason and common sense after careful and impartial consideration of all the evidence in the case.

Proof beyond a reasonable doubt, therefore, is proof of such a convincing character that you would be willing to rely and act upon it without hesitation in the most important of your own affairs. If you are convinced that the Defendant has been proved guilty beyond a reasonable doubt, say so. If you are not convinced, say so.

11th Cir. Pattern Jury Instruction, No. 3, Definition of Reasonable Doubt.

Given: _____

Denied: _____

Modified: _____

COURT'S INSTRUCTION NO. _____

DEFENDANT SAMHAN'S PROPOSED INSTRUCTION NO. \_\_3\_\_

CREDIBILITY OF WITNESSES

Now, in saying that you must *consider* all of the evidence, I do not mean that you must *accept* all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about/ Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

11th Cir. Pattern Jury Instruction, No. 5, Credibility of Witnesses.

Given: _____

Denied: _____

Modified: _____

COURT'S INSTRUCTION NO. _____

DEFENDANT SAMHAN'S PROPOSED INSTRUCTION NO. \_\_4\_\_\_\_

IMPEACHMENT / INCONSISTENT STATEMENT (DEFENDANT

TESTIFIES WITH NO FELONY CONVICTION)

You should also ask yourself whether there was evidence tending to prove that a witness testified falsely concerning some important fact; or, whether there was evidence that at some other time a witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness is not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So if a witness has made a misstatement, you need to consider whether it was an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or only an unimportant detail.

A Defendant has a right not to testify. If a Defendant does testify, however, you should decide in the same way as that of any other witness whether you believe the Defendant's testimony.

11th Cir. Pattern Jury Instruction, No. 6.3, Impeachment, Inconsistent Statement (Defendant Testifies with no Felony Conviction).

Given: _____

Denied: _____

Modified: _____

COURT'S INSTRUCTION NO. _____

DEFENDANT SAMHAN'S PROPOSED INSTRUCTION NO. __5__

CHARACTER EVIDENCE

The Defendant has offered evidence of the Defendant's traits of character, and such evidence may give rise to a reasonable doubt.

Where a Defendant has offered testimony that the Defendant is an honest and law-abiding citizen, at that the Defendant is of a culture that mandates that he to help others within the same culture or from the same hometown, the jury should consider that testimony, along with all the other evidence, in deciding whether the Government has proved beyond a reasonable doubt that the Defendant committed the crime charged.


11th Cir. Pattern Jury Instruction, No. 11, Character Evidence (Modified).



Given: _____

Denied: _____

Modified: _____

COURT'S INSTRUCTION NO. _____

DEFENDANT SAMHAN'S PROPOSED INSTRUCTION NO. \_\_\_6\_\_\_

HABIT, CUSTOM, ROUTINE PRACTICE, CHARACTER TRAIT

Evidence of the habit, routine practice, or character trait of a person or group is relevant, whether corroborated or not and regardless of the presence of an eyewitness, to prove that the conduct of that person or group on a particular occasion or occasions was in conformity with that habit, routine custom or character trait.

Fed. R. Evid 404(a)(1), 406; Loughan v. Firestone Tire and Rubber Co., 749 F.2d 1519 (11th Cir. 1985).

Given: _____

Denied: _____

Modified: _____

COURT'S INSTRUCTION NO. _____

DEFENDANT SAMHAN'S PROPOSED INSTRUCTION NO. \_\_7\_\_\_

EXPERT WITNESS

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

11th Cir. Pattern Jury Instruction, No. 7, Expert Witnesses

Given: _____

Denied: _____

Modified: _____

COURT'S INSTRUCTION NO. _____

DEFENDANT SAMHAN'S PROPOSED INSTRUCTION NO. \_\_8\_\_\_\_

CONTROLLED SUBSTANCES

POSSESSION WITH INTENT TO DISTRIBUTE 21 USC 841 (a)(1)

Title 21, United States Code, Section 841 (a)(1), make it a Federal crime or offense for anyone to possess a "controlled substance" with intent to distribute it.

Methamphetamine is a "controlled substance" within the meaning of the law.

The Defendant can be found guilty of that offense only if all of the following facts are proved beyond a reasonable doubt:

First: That the Defendant knowingly and willfully possessed methamphetamine as charged.; and

Second: That the Defendant possessed the substance with the intent to distribute it.

To "possess with the intent to distribute" simply means to possess with intent to deliver or transfer possession of a controlled substance to another person, with or without any financial interest in the transaction.

11th Cir Pattern Jury Instruction, No. 73, Possession with Intent to Distribute


Given: _____

Denied: _____

Modified: _____

COURT'S INSTRUCTION NO. _____

DEFENDANT SAMHAN'S PROPOSED INSTRUCTION NO. \_\_9\_\_

KNOWLEDGE OF A CONTROLLED SUBSTANCE

In order to find that a Defendant "knowingly" possessed or distributed methamphetamine or knowingly entered into a conspiracy to possess or distribute methamphetamine, the Government must prove beyond a reasonable doubt that the Defendant knew that the pseudoephedrine pills would be used to create methamphetamine. Knowledge cannot be proven merely by demonstrating that the Defendant was negligent, careless or foolish. Presence and proximity to a drug are inadequate to support a conviction.

Where there is virtually equal circumstantial evidence of incrimination and exoneration, then a reasonable doubt exists and specific knowledge does not exist.

Deliberate Ignorance Instruction no. 8., Modified; U.S. v. Valadez-Gallegos, 162 F.3d 1256 (10th Cir. 1998) (presence and proximity are inadequate to support a conviction); U.S. v. Reveles, 190 F.3d 678 (5th Cir. 1999)(the Government must prove that the Defendant had knowledge that drugs were involved; Where the evidence is in equipoise, it cannot serve as a basis of finding knowledge, since there is reasonable doubt.); U.S. v. Orduno-Aguilera, 183 F.3d 1138 (9th Cir. 1999) (Government must prove beyond a reasonable doubt that the Defendant knew the items were anabolic steroids or some other prohibited drug.)

Given: _____

Denied: _____

Modified: _____

<u>COURT'S INSTRUCTION NO. _____</u>

<u>DEFENDANT SAMHAN'S PROPOSED INSTRUCTION NO.   10  </u>

THEORY OF THE CASE/ DEFENSE

To be submitted at a later time.

United States v. Tsinnijinnie, 601 F.2d 1035 (9th Cir. 1979); United States v. Opdahl, 930 F.2d 1530 (11th Cir. 1991); United States v. Lively, 803 F.2d 1124 (11th Cir. 1986); United States v. Middleton, 690 F.2d 820 (11th Cir. 1982).

<u>COURT'S INSTRUCTION NO. _____</u>

<u>DEFENDANT PARKER'S PROPOSED INSTRUCTION NO. 11</u>

**LIMITING INSTRUCTION**

To be submitted at a later time.

## **CERTIFICATE OF SERVICE**

I, RICHARD A. HAMAR, declare: I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Rd., Beverly Hills, CA 90210.

On September 28, 2001, I mailed the Defendant Samhan's Proposed Jury Instructions to: Tom O'Malley, AUSA, 500 E. Broward Blvd., 7th Fl., Ft. Lauderdale, FL 33394, and to those or the attached service list. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This was executed at Los Angeles, California.

_____
RICHARD A. HAMAR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed this 28 day of September, 2001 to:

Fred Haddad, Esquire
One Financial Plaza
Suite 2612
Ft. Lauderdale, Florida 33394

Richard Hamer, Esquire
2437 Briarcrest Road
Beverly Hills, CA 90210

Randee Golder, Esquire
P.O. Box 3756
Boynton Beach, Florida 33424-3756

John Howes, Esquire
633 S.E. 3rd Avenue
Suite 4-F
P.O. Box 697
Ft. Lauderdale, Florida 33302-0697

Tim Biosello, Esquire
33 North Dearborn Street
Suite 1015
Chicago, IL 60602-3105

Glenn Seiden, Esquire
33 North Dearborn Street
Suite 1015
Chicago, IL 60602-3105

Mark NeJame, Esquire
One South Orange Avenue
Suite 304
Orlando, Florida 32801

Theodore Weeks, IV, Esquire
One Lake Morton Drive
Post Office Box 3
Lakeland, Florida 22802-003

Paul Goodman, Esquire
33 North Dearborn Street
Suite 1015
Chicago, IL 60602-3105

Charles White, Esquire
2250 S.W. 3rd Avenue
Suite 150
Miami, Florida 33129

_____
RICHARD A. HAMAR