UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-CR-HURLEY/VITUNAC(s)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| MOHAMMED SAMHAN, | ) |
| Defendant. | ) |

GOVERNMENT'S RESPONSE TO SAMHAN'S MOTION TO DISMISS

THE UNITED STATES OF AMERICA, through its undersigned counsel, hereby responds to defendant Samhan's Motion to Dismiss for Speedy Trial Violations, and respectfully requests that this Honorable Court deny said motion for the reasons set forth below.

DEFENDANT SAMHAN'S MOTION

Samhan's motion to dismiss the indictment based on constitutional and statutory speedy trial grounds was filed on September 28, 2001.[1] His motion was filed after co-defendants Narog and El Haddad (DE: 428, 429) filed motions to continue the jury trial scheduled for October 9, 2001, based on the tragic events of September 11, 2001, and before similar written continuance motions were filed by co-defendants Fneiche and Aquil (DE: 432, 433). During a status hearing on

---

[1] Samhan previously filed a motion to sever in which he claimed that his constitutional and statutory rights to a speedy would be violated unless he was severed from his co-defendants and set for trial in July 2001 (DE: 396). The Government responded that Samhan's speedy trial rights had not been violated and that Samhan should be tried jointly with his co-defendants (DE: 400). The Court denied Samhan's severance motion (DE: 407) subsequent to its earlier order continuing the case to October 9, 2001 (DE:397).

September 28, 2001, all defendants except Samhan joined in the multiple written continuance motions based on the ground that the defendants could not receive a fair jury trial less than one month following the tragic events of September 11, 2001, because all but one of the defendants were of Middle Eastern heritage, as were the perpetrators of the September 11th attacks on the World Trade Center in New York and the Pentagon in Washington, D.C..

Samhan's motion, which fails to detail the relevant procedural history regarding excludable and non-excludable speedy trial days, alleges that more than 70 days of non-excludable time have passed, in violation of Title 18, United States Code, §3161(c)(1) (Samhan's Motion to Dismiss, pp. 11-12). Samhan's motion further alleges that dismissal on constitutional speedy trial grounds is warranted since the most recent delay has prejudiced Samhan because he: 1) will not be able to select a fair jury in any post-September 11th trial, 2) is unable to present speculative exculpatory testimony from a fugitive co-defendant, 3) was charged with additional crimes in a superseding indictment returned in February 2001, thereby subjecting him to an increased Sentencing Guideline range, 4) has suffered "horrible stress," and 6) has had his attorney prepare for trial four times, including the rescheduling of defense witnesses for trial (Samhan's Motion to Dismiss, pp. 5-11).

PROCEDURAL HISTORY

Samhan was indicted along with thirteen co-defendants on August 1, 2000 (DE: 12), and presently is free on bond pending trial. A superseding indictment was returned against Samhan and his co-defendants on February 27, 2001 (DE:273). The last defendant arraigned on the original indictment was co-defendant Aldin on October 10, 2000 (DE: 160). Two fugitives, co-defendants Terek Zaki Abu-Lawi and Matlaq Jaber, never were arraigned on the original or superseding indictments and were transferred to the suspended/fugitive file by court order on October 3, 2001, and October 4, 2001, respectively (DE: 445, 446). Another co-defendant, Ghandi Jaber, failed to appear for arraignment on the superseding indictment on March 14, 2001, and has been a fugitive since his failure to appear (DE: 278, 297).

2

The table on the following page sets forth in pertinent part those motions, court proceedings and orders establishing excludable time pursuant to 18 U.S.C. § 3161(h):[2]

ARGUMENT

1. <u>STATUTORY SPEEDY TRIAL</u>.

Samhan's contention that 18 U.S.C. §3161(c)(1) has been violated because more than 70 days of non-excludable speedy trial time have elapsed is without merit. The table on the following page sets forth the periods of excludable time pursuant to 18 U.S.C. §3161(h) and establishes that as of the date when Samhan filed his speedy trial motion on September 28, 2001, there were 70 days remaining on the statutory speedy trial clock.

Periods of delay listed in §§3161(h)(1)-(6) are automatically excluded from computation of the speedy trial time limit regardless of their length. *United States v. Davenport*, 935 F.2d 1223, 1228 (11th Cir. 1991), citing *Henderson v. United States*, 476 U.S. 321 (1986). Only delays pursuant to §3161(h)(7) are limited to "a reasonable period of delay." *Id*. at 1228-29. Delays resulting from orders granting continuances are excludable pursuant to §3161(h)(8) if the Court finds that "the ends of justice served by [granting the continuance] outweigh the best interest of the public and the defendant in a speedy trial. *Id*. at 1229. "Anything which 'stops the clock' for one defendant does so for the same amount of time as to all defendants." *United States v. Pirolli*, 742 F.2d 1382, 1384 (11th Cir. 1984), *cert. denied*, 471 U.S. 1067 (1985), citing *United States v. Severdija*, 723 F.2d 791, 793 (11th Cir.1984); See, *United States v. Varella*, 692 F.2d 1352, 1359 (11th Cir. 1983) ("Congress recognized the utility of multi-defendant trials to effectuate the prompt efficient disposition of criminal justice. It felt that the efficiency and economy of joint trials far

---

[2] Although the docket sheet reflects the filing of numerous motions, court proceedings and court orders accounting for excludable time, not all such matters have been listed in the table because the applicable excludable time associated therewith overlaps with excludable time periods for motions and orders set forth in the table.

3

| Docket Entry Nos. | Motions/Orders | Excludable Time |
|---|---|---|
| 12,16,17,445 446 | transfer of fugitive co-defendants Terek Zaki Abu-Lawi and Matlaq Jaber to suspended/fugitive file status | 8/1/00 through 10/4/01[3] or |
| 396,400,407 | Samhan's severance motion and order thereon | 8/1/00 through 6/20/01 |
| 138,170,182, 192,193,197, 198,202,215, 216,217 | motions and orders relating to Samhan's pre-trial release terms | 9/28/00 through 12/6/00 |
| 83,84,93,171 177,188,213, 220 | motions and orders relating to co-defendant El Haddad's pre-trial release terms | 8/29/00 through 12/11/00 |
| 153,203 | status conference and first trial setting | 10/17/00 through 3/5/01 |
| 273,320 | *sua sponte* order continuing trial on superseding indictment returned on 2/27/01 | 3/17/01 through 4/2/01 |
| 261,276,333, 344,345,347, 359,375,379 | motion, responses, hearing and orders relating to co-defendant Narog's motion to quash search warrant | 1/30/01 through 5/14/01 |
| 377,380,381, 382,383,384, 399,401,408, 410 | motion, responses, hearing and orders relating to 's co-defendant Aldin's motion to suppress statements | 3/4/01 through 7/5/01 |
| 397 | order continuing trial to 10/9/01 | 6/6/01 through 10/9/01 |
| 428,429,432, 433,437,441, 442 | motions to continue trial filed by co-defendants Narog, El Haddad, Fneiche, Aquil, A. Almasri,N. Almasri, hearing thereon and order granting written and *ore tenus* continuance motions | 9/25/01 through 2/4/02 |
| 438 | Samhan's motion to dismiss for speedy trial violation | tolled from filing on 9/28/01 |

---

[3] The amount of excludable time resulting from a fugitive co-defendant is limited to a period of delay considered to be "reasonable," as discussed more fully below.

4

outweighed the desirability of granting a severance where the criterion was simply the passage of time."), *cert. denied,* 463 U.S. 1210 (1983), 464 U.S. 838 (1983).

The record reflects that there are multiple overlapping excludable delays resulting from various motions, court proceedings and orders relating to Samhan and his non-fugitive co-defendants beginning on September 28, 2001, through October 9, 2001. Additionally, the time from the arraignment of the last non-fugitive co-defendant (Aldin) on October 10, 2000, until the transfer of fugitive co-defendants Terek Zaki Abu-Lawi and Matlaq Jaber to fugitive suspended/fugitive file status on October 4, 2001, is excludable pursuant to 18 U.S.C. § 3161(h)(7) if the entire period of such delay is found to be reasonable. *United States v. Tobin*, 840 F.2d 867 (11th Cir. 1988)(delay of over eight months to permit of co-defendant's apprehension reasonable and thus excludable from defendant's speedy trial computation), citing with approval, *United States v. Pena*, 793 F.2d 486 (2d Cir. 1986) (reasonable period of time pending apprehension of indicted co-defendants excludable from speedy trial computation where severance motion has not been granted), and *United States v. Felton*, 592 F.Supp. 172, 184-85 (W.D.Pa. 1984)(delay of almost one year awaiting apprehension of indicted co-defendant reasonable in light of congressional preference for joint trial), rev'd on other grounds, 753 F.2d 256; *Davenport*, 935 F.2d at 1229-30 (transfer of missing defendants to fugitive status effectively severed them from case). In the context of this multi-defendant case, the delay for this entire period should be considered reasonable and thus excludable. At the very least, the delay through the time when the Court denied Samhan's severance motion on June 20, 2001, should be considered reasonable and excludable based on the fugitive co-defendants. *Cf., United States v. Khoury,* 901 F.2d 948, 972-73 (11th Cir. 1990)(18-month delay not reasonable under §3161(h)(7) where following defendant's motion to sever fugitive co-defendant, government failed to show active pursuit of fugitive and good-faith belief fugitive would be brought to justice promptly), *opinion modified on other grounds,*

910 F.2d 713 (11th Cir. 1990).[4] However, Samhan should not have the benefit of this narrower period of exclusion because Samhan's severance motion was not based on severance from his fugitive co-defendants, but instead was based on severance from his non-fugitive co-defendants whose motions and continuances had caused trial delays through October 9, 2001.

Assuming that the shorter period of excludable delay attributable to fugitive co-defendants applies, the speedy trial clock was tolled during an overlapping time period from March 4, 2001, through July 5, 2001, when the Court entered its order denying co-defendant Aldin's motion to suppress statements (DE: 410). Another overlapping period of excludable delay extended from June 6, 2001, when the Court continued the trial in part because of the unavailability of a co-defendant's counsel (DE: 397), through the new trial date on October 9, 2001. The final period of overlapping excludable delay commenced on September 25, 2001, when the first of multiple continuance motions was filed, and continues through the new trial setting of February 4, 2002 (DE: 442).[5]

No statutory speedy trial days had elapsed when Samhan filed his motion to dismiss for speedy trial violations on September 28, 2001. Accordingly, there has been no violation of the Speedy Trial Act.

---

[4] It should be noted that in June 2001, the Government had a good faith belief that co-defendant Ghandi Jaber, a third fugitive co-defendant who had failed to appear for arraignment on the superseding indictment, would be brought to justice promptly based upon his counsel's representations that Ghandi Jaber intended to arrange his surrender on the outstanding bench warrant.

[5] Although a district court should enunciate its "ends of justice" findings in granting a continuance, the speedy trial clock is tolled under §3161(h)(8) "so long as there is sufficient evidence in the record indicating that it considered the factors identified in the statute when it granted the continuance." *United States v. McKay*, 30 F.3d 1418, 1420 (11th Cir. 1994) (holding *nun pro tunc* "ends of justice" finding tolled speedy trial clock until trial), *cert. denied,* 516 U.S. 924 (1995), quoting, *United States v. Vasser,* 916 F.2d 624, 627 (11th Cir. 1990), *cert. denied,* 500 U.S. 907 (1991). In the instant case, the Court's written order continuing the trial to February does not contain and "ends of justice" finding (DE:442). However the Court's colloquy during the September 28, 2001, hearing on the motions to continue establishes that the Court considered the requisite "ends of justice" finding.

2.  CONSTITUTIONAL SPEEDY TRIAL.

Samhan also contends that he has been denied his right to speedy trial under the Sixth Amendment of the United States Constitution. "Although compliance with the Speedy Trial Act does not bar Sixth Amendment speedy trial claims, ""it will be an unusual case in which the time limits of the Speedy Trial Act have been met but the [S]ixth [A]mendment right to a speedy trial has been violated.''" *Davenport*, 935 F.2d at 1238-39 (quoting *United States v. Saintil*, 705 F.2d 415, 418 (11th Cir.), *cert. denied*, 464 U.S. 855 (1983), quoting *United States v. Nance*, 666 F.2d 353, 361 (11th Cir. 1981)), *cert. denied*, 456 U.S. 918 (1982)); accord *United States v. Schlei*, 122 F.3d 944, 986 (11th Cir.1997),*cert. denied*, 523 U.S.1077 (1998). The instant case is not such an "unusual case."

Four factors must be considered in determining whether a defendant has been deprived of the constitutional right to a speedy trial: (1) length of the delay; (2) reasons for the delay; (3) defendant's assertion of the right; and (4) prejudice to the defendant. *See Barker v. Wingo*, 407 U.S. 514, 530-32 (1972). "These factors must be considered together--no single factor is sufficient to find a deprivation of the defendant's Sixth Amendment right." *Schlei*, 122 F.3d at 987, citing *Barker v. Wingo*, 407 U.S. at 533. However, the Court must consider factors (2) through (4) only where the length-of-delay factor involves a "presumptively prejudicial" period of delay. *United States v. Register*, 182 F.3d 820, 827(11th Cir. 1999), *cert. denied*, 530 U.S. 1250 (2000), 531 U.S. 839 (2000), citing *Barker v. Wingo*, 407 U.S. at 530.

In the Eleventh Circuit, post-accusation delays approaching one year generally are considered "presumptively prejudicial." *Id.*, citing *Schlei*, 122 F.3d at 987 (recognizing Eleventh Circuit is in accord with observation in *Doggett v. United States*, 505 U.S. 647, 652 n. 1 (1992) that "the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year."). Accordingly, the Government concedes that the thirteen-month, post-

accusation delay in Samhan's case (from his indictment on August 1, 2000, to his September 28, 2001 speedy trial motion) is presumptively prejudicial, thus requiring that the Court consider the remaining *Barker* factors.

Examination of the remaining factors establishes that Samhan's constitutional right to speedy trial has not been violated. "In this circuit, a defendant generally must show actual prejudice unless the first three factors ... **all** weigh heavily against the government." *Register*, 182 F.3d at 827 (emphasis added) (quoting *Davenport*, 935 F.2d at 1239). The second *Barker* factor, reason for the delay, does not weigh heavily against the Government in Samhan's case because the delay is attributable primarily to various bond and evidentiary motions by Samhan and his co-defendants and continuance motions by Samhan's co-defendants.[6] See *Register*, 182 F.3d at 827 (despite extraordinary 38-month delay, reason-for-delay factor does not weigh against the Government where defendant, co-defendant and Government bore some responsibility for delay and case involved complex charges, numerous defendants and numerous litigated issues). Delays caused by numerous pretrial motions, substitution of defense counsel and scheduling conflicts resulting in the unavailability of certain defense counsel, which cannot be charged to the Government, do not support a finding of a Sixth Amendment violation. *United States v. Twitty*, 107 F.3d 1482, 1490 (11th Cir.), *cert. denied*, 522 U.S. 902 (1997); accord, *Schlei*, 122 F.3d at 986-87; see also, *Nance*, 666 F.2d at 361 (where reason for delay is based largely on need to preserve continuity of defense counsel and corresponding court congestion in setting conflict-free trial date, the delay is not attributable to Government in Sixth Amendment speedy trial analysis). Accordingly, Samhan must show that he suffered actual prejudice from the delay in order to establish a constitutional speedy trial violation. *Twitty*, 107 F.3d at 1490, citing *United States v. Loud Hawk*, 474 U.S. 302, 316 (1986).

---

[6] The Government assumes *arguendo* that Samhan has asserted his speedy trial right properly in this multi-defendant case.

Samhan's frivolous claims of actual prejudice resulting from the delay fail to establish a constitutional speedy trial violation. Apparently recognizing that case law in this Circuit requires that he demonstrate actual prejudice to establish a constitutional speedy trial violation, Samhan has listed several disingenuous claims of actual prejudice.

Post-September 11th Trial - The delay in Samhan's case has not caused him to suffer actual prejudice resulting from the events of September 11th and the ethnic heritage of Samhan and his co-defendants. The jury selection process and the most-recent trial continuance resulting from multiple defense continuance motions based on the events of September 11th will insure that a fair and impartial jury will be selected for Samhan's trial. Samhan has failed to cite any case to support his claim of actual prejudice on this ground.

Loss of Ghandi Jaber as a Witness - Samhan has not shown that fugitive co-defendant Ghandi Jaber would in fact offer exculpatory evidence as to Samhan. Jaber is a former potential cooperating Government witness who had not pled guilty or been fully debriefed by the Government prior to becoming a fugitive on March 14, 2001. Significantly, Samhan did not list Jaber as a potential witness in Samhan's May 29, 2001, trial brief that referenced several potential defense witnesses for Samhan (DE: 385). Additionally, Samhan did not file a *Byrd* affidavit regarding Jabar's anticipated sworn testimony at trial prior to Jabar's flight,[7] nor has Samhan made any effort to take Jaber's deposition in Palestine.[8]

Superseding Indictment - Samhan claims that he suffered actual prejudice when additional charges were filed against him in a superseding indictment returned approximately seven months

---

[7] A defendant must file a *Bryd* affidavit when seeking severance from a co-defendant for the purpose of presenting the co-defendant's allegedly exculpatory testimony at trial. The affidavit must demonstrate (1) a bona fide need for the testimony, (2) the substance of the testimony, (3) its exculpatory nature, and (4) that a co-defendant would in fact testify if the cases were in fact severed. *Byrd v. Wainwright*, 428 F.2d 1017 (5th Cir.1970).

[8] Jaber's counsel has been in telephone contact with Jaber in Palestine, from where Jaber cannot be extradited on the charges pending against him in the superseding indictment.

after the original indictment. Samhan has not cited any case to support his claim that this constitutes actual prejudice in the context of a constitutional speedy trial analysis, particularly where the superseding indictment was returned prior to the first trial setting of March 5, 2001.

Anxiety and Concern - Samhan claims, without presenting any evidence, that he has suffered "horrible stress" and "[greatly enhanced] anxiety and concern" because he may be deported upon conviction and has a "well founded (sic) fear of torture by a terrorist group" (Samhan's Motion to Dismiss, p.10).[9] Samhan cites *United States v. Clark*, 83 F.3d 1350 (11th Cir. 1996), in support of his argument that anxiety "is a legally cognizable factor of actual prejudice" (Samhan's Motion to Dismiss, p.10). However, because the defendant in *Clark* had not been aware of the charges against him, the court did not consider the applicability of the "anxiety" factor in its constitutional speedy trial analysis. *Id.* 83 F.3d at 1354. Samhan has not cited, and the Government could not find, any case where "anxiety" alone constituted actual prejudice establishing a Sixth Amendment violation.

An accused person will always be "disadvantaged by ... living under a cloud of anxiety, suspicion, and often hostility." *Barker*, 407 U.S. at 533. However, neither the interest in minimization of the accused's anxiety and concern, nor other interests considered under the prejudice prong, that is, prevention of oppressive pretrial incarceration and limitation of possible impairment of defense, is "necessary [n]or sufficient ... to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." *Id.* Significantly, the Supreme Court in *Barker* described prejudice to the defendant as "minimal" where he had been "living for over four years under a cloud of suspicion and anxiety" while free on bond for all but ten months. *Id.* at 534.

---

[9] Samhan alleges similar stress suffered by his family, but the courts recognize only that suffered by the accused.

Analyzing the "anxiety" factor in isolation, the former Fifth Circuit in *United States v. Hill*, 622 F.2d 900 (5th Cir. 1980) found that the defendant's anxiety alone did not establish actual prejudice despite a 38-month delay between the indictment and commencement of trial. At least one other circuit has found that "anxiety" alone does not give rise to a constitutional speedy trial violation. See, *United States v. Ward*, 211 F.3d 356, 361 (7th Cir. 2000)(finding defendant's claim of oppressive stress and anxiety while incarcerated during delay is a proper factor to consider under the prejudice prong, but insufficient by itself to find a constitutional speedy trial violation), *cert. denied,* 531 U.S. 1103 (2001); See also, *United States v. Jackson*, 542 F.2d 403, 409 (7th Cir. 1976 ("Allegations of anxiety and depression alone . . . do not result in a constitutional violation."). Accordingly, Samhan's alleged anxiety while free on bond and unaccompanied by any impairment of his defense is insufficient to establish actual prejudice.

Other Concerns - Finally, Samhan argues actual prejudice based on the fact that his trial counsel "has had to prepare his case four times." Rather than being prejudiced, Samhan will in fact benefit from his counsel's preparedness for trial. The fact that Samhan's witnesses have been subpoenaed four times also does not establish actual prejudice, especially where Samhan does not allege that he is unable to secure the attendance of any previously-subpoenaed witnesses for the upcoming trial.

## CONCLUSION

For the reasons set forth above, Samhan's Motion to Dismiss for alleged speedy trial violations should be denied.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
THOMAS A. O'MALLEY
Assistant United States Attorney
Florida Bar No. 310964
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7254; Fax:(954) 356-7336

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 27th day of December, 2001 to: Richard Hamar, Esquire, 2437 Briarcrest Road, Beverly Hills, CA 90210.

_____
THOMAS A. O'MALLEY
Assistant United States Attorney