UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6211-CR-HURLEY/VITUNAC

UNITED STATES OF AMERICA,

vs.

MOHAMMED SAMHAN,

Defendant.
_____/



## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Order of Reference (DE 450) from U.S. District Judge Daniel T.K. Hurley directing this Court to consider Defendant Samhan's motion to dismiss the government's indictment based on speedy trial violations (DE 438). Defendant Samhan filed his motion on September 28, 2001, and the Government filed its response on December 26, 2001 (DE 465). On December 31, 2001, the Government filed an amended response to Samhan's motion (DE 466). No reply was filed. The matter is now ripe for review.

## PROCEDURAL HISTORY

On August 1, 2000, Defendant Samhan and thirteen co-defendants were indicted (DE 12). On February 27, 2001, the grand jury returned a superseding indictment (DE 273) against Samhan and the co-defendants. Co-defendant Aldin was the last co-defendant to be arraigned on the original indictment, and his arraignment took place on October 10, 2000 (DE 160). Two co-defendants, Terek Zaki Abu-Lawi and Matlaq Jaber, were not arraigned on either the original or the superseding indictments and were transferred to the suspended/ fugitive file by court order on October 3, 2001 (DE 445), and October 4, 2001 (DE 446), respectively. Ghandi Jaber, another

co-defendant, failed to appear for arraignment on the superseding indictment on March 14, 2001, and has been a fugitive since that date (DE 278, 297).

On November 7, 2000, the trial date was continued to March 5, 2001 (DE 203). Due to the return of the superseding indictment, a second continuance was granted on March 19, 2001, and trial was reset for April 2, 2001 (DE 320). On June 6, 2001, the trial was again continued until October 9, 2001 (DE 397). For each of these three continuances, the Court explicitly found that these trial extensions served the "ends of justice" and that the time periods were excluded for purposes of calculating the speedy trial time period. Due to concerns over the events of September 11, 2001, and concern that the defendants receive a fair trial (they are of Middle Eastern heritage), all co-defendants except Samhan joined in multiple written motions seeking another continuance. Based on these reasons, a continuance was granted on October 3, 2001 (DE 442), and trial was reset for February 4, 2002. Defendant Samhan has objected to each of the continuances granted and now raises this motion to dismiss.

<u>DEFENDANT SAMHAN'S MOTION</u>

Defendant Samhan argues that both his constitutional and his statutory speedy trial rights have been violated. First, Samhan argues his Sixth Amendment right to a speedy trial has been violated. Samhan states he has been prejudiced by the most recent delay in trial because he: (1) will not be able to select a fair jury in any trial conducted post-September 11; (2) is unable to present exculpatory testimony from fugitive co-defendant, Ghandi Jaber; (3) was charged with additional crimes in the superseding indictment which subject him to an increased Sentencing Guideline range; (4) has suffered "horrible stress;" and (5) has had his attorney prepare for trial four times, including the rescheduling of defense witnesses for trial. (<u>See</u> Def.'s Mot. to Dismiss at 5-11; Govt.'s Am. Resp. at 2.)

2

In response to each of these arguments, the Government argues that: (1) the recent trial delay will ensure that Samhan is tried by a fair and impartial jury; (2) Samhan has not shown that fugitive co-defendant Jaber would in fact produce exculpatory evidence;[1] (3) Samhan has not cited any case law supporting his claim that he has suffered actual prejudice because he is subject to a higher sentencing range; (4) a claim of anxiety alone is not enough to establish actual prejudice; and (5) Samhan has been benefitted not harmed by the fact that his counsel has prepared for trial four times. (See Govt.'s Am. Resp. at 9-11.)

Second, Samhan argues his statutory speedy trial right has also been violated. (Def.'s Mot. to Dismiss at 11.) Samhan states that the last defendant was arraigned on October 10, 2000, and thus approximately 420 days have expired from that last arraignment until the scheduled trial date.[2] (Id.) In response, the Government argues the speedy trial clock has been tolled by the filing and consideration of motions by various defendants; by the transfer of fugitive co-defendants to suspended/ fugitive file status; and by the granting of the four continuances. (Govt.'s Am. Resp. at 4.)

DISCUSSION

1. Statutory Speedy Trial Right

According to the Speedy Trial Act, a defendant's trial must begin within 70 days "of the information or indictment, or from the date the defendant has appeared before a judicial officer

---

[1] Additionally, the Government notes that Samhan did not file a Bryd affidavit regarding Jaber's anticipated testimony and that Samhan has not made any effort to take Jaber's deposition in Palestine.

[2] In Samhan's motion, he states that approximately 240 days have elapsed. (See Samhan's Mot. to Dismiss at 11.) However, considering the actual time frame, this Court assumes the four and the two were transposed.

of the court in which such case is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

In a case involving multiple defendants the speedy trial period begins when the last co-defendant

is indicted or arraigned. 18 U.S.C. § 3161(h)(7); see also Henderson v. United States, 476 U.S.

321, 323, n.2, 106 S. Ct. 1871, 1873, n.2 (1986). In the instant case, both Samhan and the

Government agree the speedy trial clock began to run on October 10, 2000, when the last co-

defendant was arraigned. 18 U.S.C. § 3161(h) sets forth the periods of time that are excluded

from the speedy trial computation. In a case involving multiple defendants, "anything which

'stops the clock' for one defendant does so for the same amount of time as to all defendants."

United States v. Pirolli, 742 F.2d 1382, 1384 (11th Cir. 1984) (citing United States v. Severdija,

723 F.2d 791, 793 (11th Cir. 1984).

Specifically, 18 U.S.C. § 3161(h)(1)(F) exempts any delay "resulting from any pretrial

motion, from the filing of the motion through the conclusion of the hearing on, or other prompt

disposition of, such motion." The following table sets forth the relevant excludable periods of

time in this case:[3]

| Docket Entry Nos. | Motions/ Orders | Excludable Time |
| --- | --- | --- |
| 138, 170, 182, 192, 193, 197, 198, 202, 215, 216, 217 | motions and orders relating to Samhan's pre-trial release terms | 9/28/00 through 12/6/00 |
| 83, 84, 93, 171, 177, 188, 213, 220 | motions and orders relating to co-defendant El Haddad's pre-trial release terms | 8/29/00 through 12/11/00 |

---

[3] The docket entry sheet may reflect the filing of additional motions, orders, and court proceedings which would also toll the speedy trial clock. However, these have not been listed on the table because the excludable time periods associated with those matters overlap with the excludable time periods for the matters listed on the table.

4

| 153, 203 | status conference and first trial setting | 10/17/00 through 3/5/01 |
|---|---|---|
| 273, 320 | *sua sponte* order continuing trial on superseding indictment returned on 2/27/01 | 3/17/01 through 4/2/01 |
| 261, 276, 333, 344, 345, 347, 359, 375, 379 | motion, responses, hearing and orders relating to co-defendant Narog's motion to quash search warrant | 1/30/01 through 5/14/01 |
| 377, 380, 381, 382, 383, 384, 399, 401, 408, 410 | motion, responses, hearing, and orders relating to co-defendant Aldin's motion to suppress statements | 3/4/01 through 7/5/01 |
| 397 | order continuing trial | 6/6/01 through 10/9/01 |
| 428, 429, 432, 433, 437, 441, 442 | motions to continue trial filed by co-defendants Narog, El Haddad, Fneiche, Aquil, A. Almasri, N. Almasri, hearing thereon and order granting written and *ore tenus* continuance motions | 9/25/01 through 2/4/02 |

In order for the delay caused by a continuance to be excluded, the judge must have "granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161 (h)(8)(A). Although the court must make the requisite findings when it grants the continuance, "the court need not enunciate its findings when it grants the continuance so long as there is sufficient evidence in the record indicating that it considered the factors identified in the statute when it granted the continuance." United States v. Vasser, 916 F.2d 624, 627 (11th Cir. 1990) (finding a district court made the required determination that the ends of justice would be served by granting a continuance in a case where the defense attorney was accused of intimidating the defendant into changing his plea, although the district court did not explicitly enunciate its findings); see also United States v. McKay, 30 F.3d 1418, 1420 (11th Cir. 1994).

Here, the Court did not explicitly enunciate an "ends of justice" finding in granting the

5

last continuance on October 3, 2001 (DE 442). However, in that order, Judge Hurley did state that granting the continuance was "in the interest of ensuring a fair trial for all defendants in this matter." (DE 442). Additionally, the record of the hearing held on the motions to continue on October 2, 2001, establishes that the Court considered the factors and made the requisite "ends of justice" finding.[4]  The Court was concerned that the defendants would not be able to receive a fair trial if the trial was held as scheduled, less than one month after the events of September 11. The Court held an extensive hearing on the matter and delayed trial in an effort to ensure these defendants would be tried before a fair and impartial jury. Thus, despite the absence of explicit language, the record reflects that the Court did make the requisite "ends of justice" finding and that the delay caused by this continuance is excluded from the speedy trial time computation in accordance with 18 U.S.C. § 3161(h)(8)(A).

Based on the excludable time periods listed in the above table, the delays that have occurred in this case are properly excluded and may not be counted toward the speedy trial clock.[5]  Thus, this Court finds that Samhan's statutory speedy trial right has not been violated.

---

[4] One of the factors the court is directed to consider when deciding whether to grant a continuance is "whether failure to grant such a continuance in the proceeding would be likely to . . . result in a miscarriage of justice." 18 U.S.C. § 3161(h)(8)(B)(i).

[5] The Government argues that two time periods not listed on the table above should also be excluded from the speedy trial time computation. (Govt.'s Am. Resp. at 4.) First, the Government argues the time period from 8/1/00 through 10/4/01 should be excluded due to the transfer of fugitive co-defendants Terek Zaki Abu-Lawi and Matlaq Jaber to suspended/ fugitive file status. However, 18 U.S.C. § 3163(h)(7) states that this type of time period is excludable only if the entire period of such delay is found to be reasonable. Because there are other motions and orders that overlap and exclude the same time periods, this Court finds it unnecessary to determine whether the delay caused by the transfer of the fugitive co-defendants was reasonable and thus excludable.

Second, the Government argues the speedy trial clock was tolled from the time Samhan filed this motion to dismiss on September 28, 2001, until the present. While the filing of the motion to dismiss does toll the clock in order to allow for prompt disposition of such a motion,

2.  <u>Constitutional Speedy Trial Right</u>

A Defendant has a Sixth Amendment right to a speedy trial. <u>Doggett v. United States</u>,

505 U.S. 647, 112 S. Ct. 2686 (1992). <u>Doggett</u> lays out a four part test to determine whether or

not a defendant has been denied a speedy trial. This test includes,

1)   Whether delay before trial was uncommonly long;
2)   Whether the government or the criminal defendant is
      more to blame for that delay;
3)   Whether the defendant asserted his right to a speedy trial; and
4)   Whether he suffered prejudice as the delay's result.

The Eleventh Circuit has found that "[t]hese factors must be considered together - no single

factor is sufficient to find a deprivation of the defendant's Sixth Amendment right." <u>United</u>

<u>States v. Schlei</u>, 122 F.3d 944, 987 (11th Cir. 1997) (citing <u>Barker v. Wingo</u>, 407 U.S. 514, 530

(1972)). Additionally, it is the "unusual case in which the time limits of the Speedy Trial Act

have been met but the Sixth Amendment right to a speedy trial has been violated." <u>United States</u>

<u>v. Nance</u>, 666 F.2d 353, 361 (11th Cir. 1982).

Both Samhan and the Government concede that the delay in this case has lasted for over

one year. (<u>See</u> Samhan's Mot. to Dismiss at 6; Govt.'s Am. Resp. at 7.) Prejudice is presumed

for post-accusation delays that approach one year. <u>Doggett</u>, 505 U.S. at 652, n.1; <u>Schlei</u>, 122

F.3d at 987. Thus, the delay in this case is presumptively prejudicial and requires the Court to

determine the remaining three factors. Here, the defendant has asserted his speedy trial right. He

objected to each continuance granted and filed a motion to sever as well as this motion to

dismiss.

---

this Court notes that the Government's response to this motion to dismiss was not filed until
December 26, 2001. According to Local Rule 7.1(C)(1)(a), the Government's response was due
on October 16, 2001. Thus, due to the Government's delay, this Court has not excluded this
time. However, other motions filed in this case overlap and exclude the same time period.

The delay has primarily been caused by Samhan and his co-defendants. Samhan and his co-defendants have filed various bond and evidentiary motions, and the co-defendants have filed multiple motions for continuance. The Government has not acted in bad faith and has not prolonged the period of delay. Delay caused by the filing of numerous pre-trial motions does not support a finding of a Sixth Amendment violation. See United States v. Twitty, 107 F.3d 1482, 1490 (11th Cir. 1997).

Next, this Court must determine whether Samhan was prejudiced by the delay. Notably, "[i]n this circuit, a defendant generally must show actual prejudice unless the first three factors . . . all weigh heavily against the government." United States v. Davenport, 935 F.2d 1223, 1239 (11th Cir. 1991). Because the second factor, the reason for delay, does not weigh heavily against the government in this case, Samhan must show actual prejudice in order to establish a violation of his constitutional speedy trial right. Samhan has attempted to show he has suffered actual prejudice because he: (1) will not be able to select a fair jury in any trial conducted post-September 11; (2) is unable to present exculpatory testimony from fugitive co-defendant, Ghandi Jaber; (3) was charged with additional crimes in the superseding indictment which subject him to an increased Sentencing Guideline range; (4) has suffered "horrible stress;" and (5) has had his attorney prepare for trial four times, including the rescheduling of defense witnesses for trial. This Court is unpersuaded by these arguments and finds that Samhan has not suffered actual prejudice.

Samhan first argues that he will not be able to receive a fair trial in the post-September 11 atmosphere. Samhan cites the discrimination Japanese Americans suffered during World War II and states that jurors will be "noticeably angry and unsettled by persons from the Middle East for years to come." (Samhan's Mot. to Dismiss at 8.) However, Samhan fails to cite any case law

8

stating that this amounts to actual prejudice. Moreover, if Samhan's argument is followed to its logical conclusion, it would mean that no defendants of Middle Eastern dissent would be able to receive fair trials and thus could not be tried for any crimes charged against them. In this case, a continuance has been granted to allow additional time to pass and to ensure that an impartial jury hears the case. Additionally, Samhan has been charged with conspiracy to possess methamphetamine, not with any terrorist type activity that would evoke the jury's passions.

This Court is likewise unpersuaded by Samhan's argument that he is prejudiced because he is now unable to present exculpatory testimony from fugitive co-defendant, Ghandi Jaber. Samhan has not presented any proof that Jaber would in fact present exculpatory evidence on his behalf. Additionally, Jaber is currently in Palestine and is in contact with his attorney. Samhan has not attempted to obtain Jaber's deposition or to show that he has in fact been harmed by Jaber's absence.

Samhan next argues he has suffered prejudice because he is subject to an increased Sentencing Guideline range under the superseding indictment. Yet, Samhan again fails to cite any case law stating that this constitutes actual prejudice. Furthermore, the superseding indictment in this case was returned on February 27, 2001, prior to March 5, 2001, the first trial date set in this case.

Additionally, Samhan claims he has suffered great stress and anxiety because he could be deported if convicted of this crime. Samhan does not cite any case where anxiety alone was enough to demonstrate actual prejudice. There are always societal disadvantages associated with being charged with a crime including "living under a cloud of anxiety, suspicion, and often hostility." Barker, 407 U.S. at 533; 92 S. Ct. at 2193 (finding the defendant suffered only minimal prejudice despite "living for over four years under a cloud of suspicion and anxiety").

9

Samhan has been free on bond and has not suffered the stress of prolonged incarceration. Samhan has not produced any evidence to suggest he has suffered any extraordinary form of anxiety that could be considered actual prejudice.

Lastly, Samhan argues he has been prejudiced because his attorney has had to prepare for trial four times. Samhan also states that he has had to subpoena and then cancel witnesses four times. However, Samhan does not allege that any of these witnesses are now unavailable. Although delay may place additional financial burdens on Samhan, nothing suggests this amounts to actual prejudice. To the contrary, Samhan may be benefitted by the fact that his attorney has extensively prepared for trial. After considering all of Samhan's arguments, this Court finds that Samhan has not suffered any actual prejudice as a result of the delay. Therefore, because Samhan has not suffered actual prejudice, Samhan's constitutional speedy trial right has not been violated.

RECOMMENDATION

For the foregoing reasons, this Court recommends that Defendant Samhan's Motion to Dismiss (DE 438) be DENIED.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Daniel T. K. Hurley, within ten (10) days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See United States v. Warren, 687 F.2d 347, 348 (11th Cir.1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this 7 day of January, 2002.

Copies to:
AUSA- Thomas O'Malley
Richard A. Hamar, Esq.

ANN E. VITUNAC
UNITED STATES MAGISTRATE JUDGE

10