UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 00-6211-CR-HURLEY/VITUNAC |
| Plaintiff, | ) | |
| v. | ) | |
| MOHAMMED SAMHAN | ) | |
| Defendant. | ) | |

**SAMHAN'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS, and MOTION TO STRIKE GOVERNMENT'S RESPONSE**

COMES NOW, the Defendant, Mohammed Samhan, and respectfully replies to the Government's responses dated December 27, 2001 and December 31, 2001, as follows:

### I - STATUTORY SPEEDY TRIAL CONSIDERATIONS

The Government states that no statutory speedy trial time has elapsed from August 1, 2001, through the filing of Samhan's Motion to Dismiss on September 28, 2001. (Gov.Res., p. 6).

Furthermore, the Government states that all of the time from the filing of the Motion to Dismiss until resolution is tolled. (Gov.Res. Chart, p. 4).

This is a sad commentary on the statutory Speedy Trial Act. The total time that has elapsed from indictment to the date of the filing of this document is 520 days.

Additionally, the Government has an incorrect interpretation of the law. The Government's sweeping generalization and macro chart indicating that all motion time is excludable does not account for the rules in 18 USC 3161 (H)(1)(F),(J). These rules only permit exclusions if the motions are resolved in a reasonable time.

For example, the Government in its chart and argument has excluded three and one-half months for Narog's motion to suppress, four months for Aldin's motion to suppress and an unlimited time for Samhan's Motion to Dismiss for Speedy Trial violations.

Counsel for Samhan requested the transcript from the court reported to be prepared by October 5, 2001. The Government responded to Samhan's Motion ninety days after it was filed in violation of Local Rule 7.1C and 88.9A. This Court can not exclude 90 days from the statutory speedy trial clock because of Government delay. The Government's Response is so tardy that it must be struck. The excluded time alleged by the Government is not "reasonable".

Accordingly, the statutory speedy trial clock has run.

### II- CONSTITUTIONAL SPEEDY TRIAL VIOLATIONS

The Government concedes that the delay in the instant case is presumptively prejudicial. (Gov.Res., p. 7).

The Government claims, however, that the first three factors in Barker v. Wingo do not weigh heavily against the Government. (Gov.Res., p. 8). However, the Government neatly attributes all delay to Defendant's motions. Besides failing to account for its

90 day delay in filing a response, the Government then sidesteps the fact that it prevented Defendant from going to trial before September 11, 2001.

The Honorable Daniel Hurley, concerned about the delay to Samhan, tentatively offered a severance. However, the Government refused to pare down its case and forced the Court the Hobson's choice of a three week trial for Samhan and thereafter, a three week duplicate trial with all others. Had the Government acted in good faith, the Samhan trial would have lasted three to four days.

It is clear that the Defendant's relentless assertion of his need to go to trial, coupled with the excessive delay and contributions by the Government all weigh heavily against the Government.

### III - PREJUDICE

The Government does not contest the Defendant's assertion in its Motion that the prior Attorney for the Government indicated that Jabber may well provide exculpatory evidence for Samhan. (Gov.Res., p. 9).

Judge Hurley indicated that he believes from experience that anxiety and concern are real in cases of delay.

Additionally, the Government claims that voir dire will cure all of the 9/11 prejudice. This is exactly the argument that was rejected when Samhan asserted his right to voir dire to test the prejudice of 9/11. This argument was rejected by Judge Hurley when

he continued all cases, without giving Samhan the opportunity of that he requested.

It is disingenuous to argue that Samhan has suffered no prejudice as a result of 9/11.

Accordingly, the Response of the Government must be stuck and due to the admitted presumptive and actual prejudice, this Motion must be granted.

Respectfully Submitted,

Richard A. Hamar
Florida Bar # 127562
2437 Briarcrest Road
Beverly Hills, CA 90210
(310) 550-0460
(310) 550-0461
Attorney for Samhan

**PROOF OF SERVICE**

I, Richard A. Hamar, declare: I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On January 8, 2001, I sent by Express Mail SAMHAN'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS AND MOTION TO STRIKE GOVERNMENT'S RESPONSE to Tom O'Malley, Assistant United States Attorney, located at 500 E. Broward Blvd. 7th floor, Fort Lauderdale, Florida 33394. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This was executed at Los Angeles, California.

_____
RICHARD A. HAMAR