NIGHT BOX
FILED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

JAN 1 1 2002

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 00-6211-CR-HURLEY/VITUNAC |
| Plaintiff, | ) | CLERK, USDC / SDFL / WPB |
| v. | ) | |
| MOHAMMED SAMHAN | ) | |
| Defendant. | ) | |

**OBJECTIONS TO MAGISTRATE'S REPORT AND
RECOMMENDATION RE: MOTION TO DISMISS
SPEEDY TRIAL**

COMES NOW, the Defendant, MOHAMMED SAMHAN, and respectfully files this timely objection to the findings of facts, conclusions of law and ultimate recommendation denying Samhan's Motion to Dismiss filed by the Honorable Magistrate Judge Ann E. Vitunac on January 7, 2002:



# TABLE OF CONTENTS

I.   The major legal flaw.................................1

     A.   The Defendant's conduct........................1

     B.   The Government's conduct.......................2

     C.   The Magistrate's legal analysis of fault........5


II.  Other errors........................................9


III. Conclusion.........................................10


Proof of service

TABLE OF AUTHORITIES

A. Cases

United States v. Clark,
    88 F.3d 1350,1354 (11th Cir. 1996)...................7

United States v. Doggett,
    505 U.S. 647, 112 S.Ct. 2686 (1992).................1,6,7,9


B. Statutes

18 USC 3161 (H) (1) (f).....................................6,9

18 USC 3161 (H) (1) (J).......................................9

Local Rule 7.1 (C) (1) (a)....................................3

## I - THE MAJOR LEGAL FLAW IN THE REPORT
## AND RECOMMENDATION

The Honorable Magistrate Judge Ann E. Vitunac (hereinafter Magistrate) used the incorrect legal standard to attribute blame for the lengthy delays in this case to the Defendant. This error caused the Magistrate to improperly strip the cloak of presumptive prejudice from the Defendant Samhan.

Both parties and the Honorable Magistrate agree that the delay exceeds one year and that there is presumptive prejudice if three other factors in Doggett,infra weigh heavily against the Government. (R & R, p. 8).

Factor number two asks the question, "Whether the government or the criminal defendant is more to blame for the delay." United States v. Doggett, 505 U.S. 647,651, 112 S.Ct. 2686 (1992).

The error in finding Samhan more at fault than the government was seminal in the ultimate decision because the Magistrate not only found against Samhan on the factor, but thereafter required Samhan to "show actual prejudice." (R & R, p. 8).

It is therefore critical that the undersigned and this Honorable Court make a careful and detailed analysis of who whether Samhan or the Government was more to blame for the delay.

A. SAMHAN'S LACK OF CONTRIBUTION TO THE DELAY

The Defendant Samhan was relentless in his quest for a speedy trial. The Magistrate found that Samhan objected all four times

1

to a delay in the trial. (R & R, p. 7). Samhan's sincerity can be discerned by his words.

On June 5, 2001 the undersigned reiterated the objections to continuances on two prior occasions and stated, "my client is under a great deal of stress. His wife is having a very difficult pregnancy..." (R.T. 6/5/01, p. 7)... "We are ready to go. Everyone is subpoenaed." (R.T. 6/5/01, p. 7).

On October 2, 2001 the undersigned, even in light of the events of September 11, 2001 stated, "...Samhan will attempt to pick a fair jury on the 9th of October." (R.T. 10/2/01, p. 30).

Samhan's sincerity can also be discerned by his actions. Samhan was the only party to file voir dire questions, jury instructions, a trial brief (road mapping his entire case) and to subpoena all witnesses.

Additionally, Samhan filed a severance motion for the express purpose of extricating himself from other defendants and avoiding delay. (R & R, p. 7); (R.T. 6/5/01, p. 7). Finally, Samhan even requested that he would accept another judge to try his case because of the backlog of this Honorable Court. (R.T. 6/5/01, p. 13-14).

B. THE GOVERNMENT'S CONTRIBUTION TO DELAY

1) FRIVOLOUS BOND APPEAL

The government in its Response to Samhan's Motion to Dismiss (Gov.Resp., p. 4) and the Magistrate attribute delay in this case to Samhan's Motion for pretrial release from September 28, 2001 through 12/6/00. (R & R, p. 4,8).

2

However, it was the Government that caused most of the delay. The undersigned discovered, and the government did not disagree, that Samhan's initial detention hearing was without the benefit of competent counsel. Upon rehearing, which was done in an expeditious and efficient manner, the Honorable Magistrate Judge Barry Seltzer conducted a hearing and corrected the previous error of Constitutional magnitude.

The findings of fact and conclusions of law were based on over 25 witnesses in support of Samhan's bond application, 18 letters, four proffered pieces of property and the extraordinary support of a United States Immigration Official who ruled on Samhan's political asylum claim. He put his reputation on the line by vouching Samhan would not flee because of his character and because Samhan had the most sincere well founded fear of persecution he had ever encountered. (R.T. 10/27/01, pp. 24-34).

Despite the airtight record and carefully thought out decision of Magistrate Judge Seltzer, the government appealed. The delay from the appeal by the government on November 1, 2001 until this Honorable Court resolved same against the government was 36 days.

The bitter irony in the Report and Recommendation is that Samhan is blamed for the government's frivolous appeal and prolongation of this matter. (R & R, p. 8).

 2) THE GOVERNMENT'S DILATORY RESPONSE TO
   THE MOTION TO DISMISS

The undersigned filed its Motion to Dismiss due to speedy trial concerns on September 28, 2001. Local Rule 7.1 (C) (1) (a)

3

requires the Government to file a response within fifteen days of the service of Defendant's motion.

The Government filed its response on December 26, 2001 and amended response on December 31, 2001[1].

This tardy response delayed the ruling of the Magistrate from the October 15, 2001 response time until January 7, 2002. This 70 day delay underscores a lack of sensitivity to Samhan's right to a speedy trial and should be strongly considered regarding the issue of which side is more to blame for the prolonged delay in the instant case.

3. THE GOVERNMENT'S CONDUCT REGARDING SEVERANCE

This Honorable Court was very sensitive to Samhan's plight and persistent efforts to obtain a speedy trial:

> JUDGE DANIEL HURLEY
>
> Would you do this for me, would you file a motion seeking severance and asking to come to trial, and I will look at it very, very carefully...if there is a way to provide an earlier trial date for somebody without going through massive retrial of issues, I want to do that; and if I can do that, I will.

(R.T. 6/5/2001, p. 8).

---

[1] The undersigned filed its Reply moving to strike the Government's Response and to point out many errors in the Government's Response shortly after receipt of the Amended Response in the holiday mails. The Magistrate did not strike the Government's Response, did not consider the Defendant's Reply and accepted some of the faulty reasoning of the government.

The Court had an available trial week during July, 2001.

On June 20, 2001 the government stonewalled the attempt of the Court to have this matter tried by: 1) refusing to pare down its case in the slightest; and refusing 2) refusing Samhan's offer of stipulations that would reduce the trial time[2].

The case of Samhan would have taken three to four days to try. The Court had a window of opportunity of one week. The government announced that it would spend close to three weeks to try this matter.

The actions of the Government in resisting severance, as the Court and Defendant were doing everything reasonable to find a trial date, were clearly responsible for the prolonged delay we now face and clearly responsible for pushing this Defendant from Palestine over the 9/11 cliff.

Therefore, the above three actions taken by the government figure prominently in the prolonged delay.

C. THE MAGISTRATE'S ANALYSIS OF WHO WAS MORE
   RESPONSIBLE FOR THE DELAY

The Magistrate incorrectly analyzed the issue of responsibility for the delay.

1. COMMINGLING BLAME WITH THE CODEFENDANTS

---

[2] The undersigned raised this issue in its Motion to Dismiss. (Mot.Dis., p. 7) The undersigned offered to have all transcripts prepared. The Magistrate was only interested in having the transcripts of 6/5/01, 8/20/01 and 10/2/01. If the Court does not have the conference where the government opposed severance firmly in mind, the undersigned will order that transcript of June 20, 2001.

5

The Magistrate stated that, "The delay has been primarily caused by Samhan <u>and his codefendants</u>." (R & R, p. 8). This is clearly the wrong standard. The second factor in <u>Doggett, supra</u> states, "whether the Government or <u>the criminal defendant</u> is more to blame." Doggett, supra at 651.

The Magistrate has mixed apples and oranges in her analysis. The analysis in <u>Doggett, supra</u> is a Constitutional issue. The Magistrate used the statutory standard found in 18 USC 3161 (h) (1) (f) to attribute the motion time of all defendants to each other.

Thus, it was improper to attribute any fault to Samhan because of the motions of the other codefendants.

2.  THE DEFENDANT'S MOTIONS DID NOT CAUSE PROLONGED DELAY

The Defendant has demonstrated in section B. 1., supra that the government was primarily responsible for the delay in Samhan's release on bond. Samhan spent less time filing his bond motion and conducting a hearing (29 days) than the government spent in its frivolous appeal of the release on detention (36 days).

The Magistrate finds no other motions by Samhan that delayed this matter. (R & R, pp. 4-5). Although Samhan filed the previously mentioned Motion to Sever and Motion to Dismiss, these motions were aimed at a speedy trial, not delay.

Therefore, the Magistrate improperly attributed the delay to Samhan and held Samhan to a higher legal standard than justified by law.

6

D.  THE MAGISTRATE'S ANALYSIS OF PREJUDICE

Because the Magistrate improperly assigned Samhan with the blame for the delay, the Magistrate viewed the issue of prejudice in an incorrect light. "Because the second factor (in Doggett,supra), the reason for the delay, does not weigh heavily against the Government in this case, Samhan must show actual prejudice." (R & R, p. 8).

The Magistrate improperly stripped Samhan of presumptive prejudice and placed the second factor in the weighing process in the government's column instead Samhan's.

Additionally, the Magistrate did not account for Anxiety and concern of the accused. "Samhan does not cite any case where anxiety alone was enough to demonstrate actual prejudice." (R & R, p. 9). However, Doggett,supra at 654 specifically requires the court to consider anxiety and concern as a factor of actual prejudice.

Additionally, this Circuit has stated that anxiety and concern are indicia of actual prejudice. United States v. Clark, 88 F.3d 1350,1354 (11th Cir. 1996). In Clark,supra at 1354 that defendant suffered no anxiety and concern because "he was not in federal custody nor aware of he charges." Clark,supra at 1354.

In the instant case, Samhan was in custody for over five months. Additionally, Samhan is suffering from extreme anxiety and concern because he not only has the charges to contend with, but he is subject to deportation. Samhan was granted asylum from the

7

Middle East precisely because he was persecuted by Hamas. The wife and children of Samhan are United States citizens. If Samhan is convicted, he will be banned from this country, separated from his wife and children and will suffer a well founded fear of continued persecution and perhaps death by Hamas.

This Honorable Court has recognized personally what the law mandates:

> JUDGE DANIEL HURLEY
>
> I know there is an anxiety level that attaches when people are waiting to get these matters resolved. I hear this consistently from defendants who talk about the slowness of the process and the fact that it is there. I just feel terrible that I am not able to give you an earlier trial date but I don't think I can do it.

(R.T. 6/5/01, p. 15).

The Magistrate is also at odds with the law and facts when she concludes that there will be prejudice against a person from the Middle East because of the passage of time and because Samhan is charged with a drug case, "not any terrorist type of activity that would evoke a juror's passions." (R & R, p. 9).

However, the government is working with the agents to establish an outflow of money to the Middle East that would more than hint at a specter of terrorism. (R.T. 10/2/01, p. 34).

When asked of the length of time to begin to cure the prejudice, some of the attorneys indicated perhaps late spring.

8

(R.T. 10/2/01, p. 36). The Court was so convinced that no fair jury could be picked that it did not even permit to test the matter with voir dire.

The issue is not so much when the prejudice will begin to dissipate, but whether Samhan was better off trying the case before September 11, 2001. If the answer is yes, he has clearly suffered prejudice. The Magistrate looked at this matter strictly in terms of whether Samhan could eventually obtain a fair trial. However, the issue is whether he has been prejudiced.

Had the Magistrate presumed prejudice as she was bound to do if she had held the Government more responsible for delay than Samhan, it is clear that all four grounds submitted by Samhan would have been sufficient under Doggett, supra.

II. OTHER ERRORS

The Magistrate found there was no statutory speedy trial violation due to the various motions filed by the codefendants. However, the Magistrate did not consider that the motions had to be resolved promptly. 18 USC 3161 (H) (1) (f), (J). Narog's motion to suppress took three and one half months to resolve and Aldin's motion to suppress took four months to resolve. As previously mentioned, the Magistrate improperly penalized Samhan for his bond motion when the Government caused delay by its frivolous appeal.

## CONCLUSION

Due to the numerous factual and legal errors contained in the Report and Recommendation of the Magistrate, this Honorable Court must review this matter.

This Court will conclude that Samhan has been relentless in his quest for a speedy trial and blameless in this prolonged delay. This Court must also conclude that the Government is more responsible for the delay than Samhan.

Finally, this Court must conclude that this matter be governed by the presumption of prejudice and that Samhan is actually prejudiced because of severe anxiety and concern and the events of September 11, 2001.

For all of these reasons, this matter must be dismissed.

Respectfully Submitted,

_____ 1/10/02
Richard A. Hamar
Florida Bar # 127562
2437 Briarcrest Road
Beverly Hills, CA 90210
(310) 550-0460
(310) 550-0461
Attorney for Samhan

## PROOF OF SERVICE

I, Richard A. Hamar, declare: I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On January 10, 2002, I sent the OBJECTIONS TO THE MAGISTRATES REPORT AND RECOMMENDATION to Tom O'Malley, Assistant United States Attorney, located at 500 E. Broward Blvd. 7th floor, Fort Lauderdale, Florida 33394. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This was executed at Los Angeles, California.

_____
RICHARD A. HAMAR

SERVICE LIST

Timothy Basiello, Esq.
33 N. Dearborn St. Ste 1015
Chicago, Illinois  60602
Fneiche

Glenn Seiden, Esq.
33 N. Dearborn Street, STe 1015
Chicago, Illinois 60602
Jaber

John R. Howes, Esq.
633 S.E. 3rd Ave., Ste 4F
Fort Lauderdale, FL 33301
El Haddad

Theodore Weeks, Esq.
1 Lake Morton Dr.
P.O. Box 3
Lakeland, FL 33802
Abdelmuti

Fred Haddad, Esq.
One Financial Plaza, Ste 2612
Fort Lauderdale, FL 33394
Narog

Richard DeCobo, Esq.
1571 N.W. 13th Ct
Miami, FL  33125
Almasri

Paul Goodman, Esq.
33 N. Deardon St., Ste 1015
Chicago, Illinois 60602
Aquil