FILED

JAN 17 2002

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 00-6211-CR-HURLEY/VITUNAC |
| Plaintiff, | ) | |
| v. | ) | |
| MOHAMMED SAMHAN | ) | |
| Defendant. | ) | |

**NOTICE OF CONFLICT**

COMES NOW, counsel for the Defendant, MOHAMMED SAMHAN, and respectfully notifies this Honorable Court of a conflict with another matter.

On January 15, 2002, the undersigned had a conference with this Honorable Court regarding the trial setting in the instant case.

In so doing, the undersigned advised this Court in a prepared written statement about the conflict with U.S. v. Clay, 00-6309-CR-SEITZ. The undersigned stated that Judge Seitz "set a firm trial date several months ago of February 11, 2002."

The undersigned also stated that the Clay, supra case might trail the instant case due to new counsel for a codefendant, "but of course that is up to you and Judge Seitz." The undersigned further stated that he would be pleased to try either case first.

This Court responded that I was correct in my statement that it is up to the judges to decide and that I could not be in two places at the same time. This Court further stated that it would call Judge Seitz to discuss the conflict.

The undersigned immediately notified Judge Seitz by written pleading of the action taken by this Court.

Judge Seitz responded with an order disqualifying me from the Clay, supra by retaining her trial date and indicating my local counsel, Jon May, can try this case. See: Exhibit A.

This is not the understanding the undersigned gleaned from this Court. With all due respect to the fine lawyer that Mr. May undoubtedly is, Mr. Clay retained the undersigned as his trial attorney. Secondly, for the last year plus, the undersigned has been preparing in the role as trial attorney, while Mr. May has not.

Neither Mr. Clay nor the undersigned should be penalized based on these facts. The undersigned has diligently prepared the instant case four times and has relentlessly objected to a continuance each time. The undersigned has also diligently prepared for the Clay, supra case and has taken the position when Mr. Howes withdrew that Mr. Clay does not want a lengthy continuance.

The fact that after more than one year of continuances (not due to the undersigned) in both cases, that both must fall almost simultaneous to each other, is not grounds for one Defendant to lose his choice of counsel.

## CONCLUSION

The undersigned suggests alternatives: 1) This Honorable Court resolve the Motion to Dismiss based on speedy trial grounds that was filed on September 28, 2002 and now ripe, and if valid dismiss the instant case; 2) Permit the instant Defendant a severance from the codefendants, as previously contemplated, and order Samhan to trial immediately after Clay and the other Defendants in the instant case have completed their cases. If the Government tailors its case, the trial of Samhan should take no more than three days; or 3) This Honorable Court conference with the Honorable Patricia Seitz and determine a trial schedule that would permit both Mr. Clay and Mr. Samhan to have the undersigned try both cases.

Respectfully Submitted,

_____
Richard A. Hamar
Florida Bar # 127562
2437 Briarcrest Road
Beverly Hills, CA 90210
(310) 550-0460
(310) 550-0461
Attorney for Samhan

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 00-6309-CR-SEITZ

UNITED STATES OF AMERICA,

v.

CHARLES CLAY,
_____/

FILED by ___ D.C.
JAN 1 6 2002
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. MIAMI

## ORDER

This matter came before the Court on Defendant Clay's Response to Morgenstern's Counsel's Motion to Withdraw, filed January 11, 2002, and Notice of Conflict, filed January 15, 2002. In his Response, the Defendant states that he "is prepared for trial and vigorously objects to any continuance of the February 11, 2002 trial date" due to the appointment of new counsel for Defendant, Fred Morgenstern, and any continuance he may request. In his Notice of Conflict he appears to be waiving his speedy trial demand so vigorously demanded four days earlier. In addition, it appears that he is now laying the groundwork for a continuance on the grounds that Mr. Norris, Defendant, Fred Morgenstern's new counsel, needs additional time. The Court notes that Mr. Norris undertook the representation of his client with the understanding that no continuances would be requested. Finally, the Court notes that Mr. Clay is also represented by very able co-counsel, Jon May. Because this case has been pending for more than a year and three months, Defendant Clay is advised that this case must proceed to trial. Therefore, it is

ORDERED that the trial in this matter will commence on February 11, 2002, and no continuances will be considered. If Mr. Hamar is in trial in Case No. 00-6211-Cr-Hurly, Defendant Clay will be expected to proceed to trial on February 11th with his co-counsel, Jon May, or other new counsel of his choice.

DONE AND ORDERED in Miami, Florida this 16th day of January, 2002.

_____
PATRICIA A. SEITZ
UNITED STATES DISTRICT JUDGE

See Attached Service List



q          EXHIBIT A

**PROOF OF SERVICE**

I, Richard A. Hamar, declare: I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On January 17, 2002, I sent the NOTICE OF CONFLICT to Tom O'Malley, Assistant United States Attorney, located at 500 E. Broward Blvd. 7th floor, Fort Lauderdale, Florida 33394 and to the HONORABLE PATRICIA SEITZ to the clerks office, Miami, Florida. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This was executed at Los Angeles, California.

_____
RICHARD A. HAMAR