UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-CR-HURLEY/VITUNAC(s)

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | FILED |
| ) | |
| v. ) | FEB 0 4 2002 |
| ) | |
| MOHAMMED SAMHAN, ) | CLERK, USDC / SDFL / |
| Defendant. ) | |

## MOTION IN LIMINE TO EXCLUDE TESTIMONY OF CULTURAL EXPERT WITNESS

THE UNITED STATES OF AMERICA, through its undersigned counsel, hereby moves this Honorable Court to exclude testimony from defendant Samhan's cultural expert witness, and in support thereof states:

1. Defendant Samhan intends to call Dr. Walid Phares as an expert witness to testify about the history, cultural and religious custom and requirement of assisting others.

2. This purported "expert" testimony should be excluded pursuant to *Fed.R. Evid.* 403.[1] *See, United States v. Imran*, 964 F.2d 1313, 1316-17 (2nd Cir. 1992) (finding no abuse discretion in trial court's exclusion of proffered expert testimony on Pakistani cultural custom that obligates one to perform favor for stranger when asked to do so by friend); *United States v. De La Garza*, 462

---

[1] Rule 403 provides that the court may exclude otherwise relevant evidence if "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."



F.2d 304, 306-7 (D.C. 1972), (no abuse of discretion in trial court's exclusion of expert testimony concerning "Mexican revenge" and limiting such evidence to defendant's testimony because only defendant's understanding of custom relevant to intent in committing offense); *United States v. Sayakhom*, 186 F.3d 928, 936 (9th Cir. 1999) (no abuse of discretion in trial court's exclusion of cultural expert witness testimony concerning Laotian culture and general lack of education and sophistication by Laotians); *United States v. Sherpa*, 97 F.3d 1239, 1246, n.5 (9th Cir. 1996) (noting that trial court did not abuse discretion in excluding expert testimony of Nepali culture to corroborate defendant's testimony that small spoon was an ear cleaning device and not a narcotis spoon); *United States v. Ravel*, 930 F.2d 721, 725-26 (9th Cir. 1991) (no abuse of discretion in excluding expert testimony regarding status of goods as "stolen" under the UCC; "Expert testimony is inappropriate to bolster the credibility of a defendant."); *United States v. Ruelas-Altamirano*, 463 F.2d 1197, 11-98-99 (9th Cir. 1972) (no abuse of discretion in trial court's exclusion of cultural geographer's testimony that "Mexican people do not know the name of their employer and that favors are regularly given to and accepted by the Mexican Police from strangers."); *United States v. Rubio-Villareal*, 927 F.2d 1495, 1502 (9th Cir. 1991), *amended on other grounds by* 967 F.2d 294 (9th Cir. 1992) (no abuse of discretion in trial court's exclusion of expert testimony that defendant's failure to register truck is common phenomenon in Mexico); *Mull v. United States*, 402 F.2d 571, 574-75 (9th Cir. 1968) (no abuse of discretion in trial court's exclusion of cultural anthropologists testimony regarding Indian belief in witchcraft where defendant did not testify about witchcraft).

WHEREFORE, the United States respectfully requests that this Honorable Court exclude testimony from defendant Samhan's cultural expert witness.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
THOMAS A. O'MALLEY
Assistant United States Attorney
Florida Bar No. 310964
500 East Broward Boulevard, Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7254; Fax:(954) 356-7336

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was hand-delivered this 5th day of February, 2002 to: Richard Hamar, Esquire, 2437 Briarcrest Road, Beverly Hills, CA 90210; Fred Haddad, One Financial Plaza, Suite 2612, Fort Lauderdale, FL 33394; Paul Goodman, 33 North Dearborn Street, Chicago, IL 60602; Timothy Biasiello, 33 North Dearborn Street, Chicago, IL 60602; John Howes, 633 S.E. 3rd Avenue, Fort Lauderdale, FL 33302; Charles White, 2900 Bridgeport Avenue, Suite 401, Coconut Grove, FL 33133.

_____
THOMAS A. O'MALLEY
Assistant United States Attorney