FILED

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FB 01 2002

LERK, USDC / SDFL /

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | NO. 00-6211-CR-HURLEY/VITUNAC |
| Plaintiff, ) | |
| v. ) | |
| MOHAMMAD SAMHAN ) | |
| Defendant. ) | |

**SAMHAN'S RESPONSE TO GOVERNMENT'S MOTION
TO EXCLUDE DEFENDANT'S EXPERT TESTIMONY**

COMES NOW, the Defendant, Mohammed Samhan, and respectfully responds to the Government's motion[1] to exclude the testimony of expert Dr. Wallid Phares as follows:

BRIEF STATEMENT OF THE CASE

Literally on the eve of trial, the Government moves to exclude the expert testimony of Defendant almost one year after the Defendant has provided notice. This matter has been set for trial three times since the Defendant gave notice that he would use Dr. Phares on March 19, 2001.

---

[1] The Defendant has not seen the motion of the Government. On January 31, 2002, the Government advised counsel that it would be filing same and provided the cases it would be citing.



The Defendant has prepared this case for trial four times and should not have to contend with disruption or elimination of its principal defense after reliance on same and extensive preparation for this long a period of time.

## MEMORANDUM OF LAW

The Government has not cited any precedent in the Eleventh Circuit to rebut the case in Defendant's expert notice from this Circuit. Loughan v. Firestone Tire and Rubber co., 749 F.2d 1519, 1523-1524 (11th Cir. 1985). And the cases cited by the Government outside of our Circuit are wholly inapposite because: 1) the expert was not qualified (i.e. U.S. v. Rubio-Villareal, 927 F.2d 1475 (9th Cir. 1991); or 2) the facts the expert would testify to are not consistent with the facts of the case, or are irrelevant to guilt or innocence (i.e. U.S. v. Sayakhom, 186 F.3d 928 (9th Cir. 1999), U.S. v. Ravel, 930 F.2d 721 (9th Cir. 1991), U.S. v. De la Garza, 462 F.2d. 304 (D.C. Cir. 1972), U.S. v. Ruelas-Altamirano, 463 F.2d 1199 (9th Cir. 1972).

However, the Government has cited one case that is strikingly similar to the instant case and bears close scrutiny.

> Dr. Sweetzer would have testified that a Pakistani custom obligates a person to perform a favor for a stranger when asked to do so by a friend. Arguably the testimony would have been useful if Ali, one of Imran's close friends, had sought Imran's assistance, but it was Reza whom Imran had

2

never met, who made the request. U.S. v. Imran, 964 F.2d 1313,1317 (2nd Cir. 1992).

Therefore, the expert was excluded because the facts did not fit the custom, not because courts can exclude evidence of a custom that is relevant to a defense. Therefore, Imran, supra actually supports the use of the expert in the instant case.

The instant case does not suffer from the inadequacy of Imran, supra because Dr. Phares will testify to a custom that fits the facts of Samhan's defense. Several witnesses and Samhan will overwhelmingly establish that Samhan consistently assisted others.

Also distinguishable from all of the cases cited by the Government, is that in those cases, the attempted use of the expert did not directly rebut the Government's principal theory. For example, in Ruelas-Altamirano, supra the Government merely had to establish that a Mexican police officer had knowledge that he crossed the border in a vehicle laden with marijuana.

The defendant attempted to establish with expert testimony that favors are often given to and accepted by Mexican police officers[2]. The Government's case had nothing to do with the custom.

However, in the instant case, the Government's case is highly circumstantial and depends on the jury believing that the Defendant is guilty because he assisted another load and ship boxes of sudafed cold medicine.

---

[2] The evidence was excluded because the defendant could not even establish that he asked to borrow the vehicle.

Therefore the custom of assisting others is the crux of the Governments case and the crux of the defense case. The Government will ask the question of the jury, why else would the Defendant go to all of this trouble to assist codefendant Rabah El Haddad if he was not part of the conspiracy?

Thus, the use of the expert both rebuts the Government's principal theory and establishes a defense.

Additionally, the jury will need the knowledge of Dr. Phares to fully comprehend the strength of the demands of assisting another from ones homeland. This cultural trait is not understood by the layman or juror. The trait is built upon thousands of years of tribal culture, middle east commerce and the muslim religion. Dr. Phares will richly layer his testimony with classic arabic literature, religious texts and personal study in the exact villages involved.

Nor does Dr. Phares suffer from the lack of expertise expressed in the Government's case of Rubio-Villareal supra. The Government's motion cites this case as authority to exclude Dr. Phares. However, the witness in that case had no formal training in his field and claimed to be only a self professed recovering alcoholic. Dr. Phares is clearly a giant in his field, a Phd, an author of several books, numerous articles, a professor in the exact field of is expertise and a witness who has been called upon by the United States Congress.

Accordingly, the motion by the Government is woefully insufficient to eliminate the Defendant's principal defense, which

4

would be a denial of Defendant's Sixth Amendment right as recognized by <u>Washington v. Texas</u>, 338 U.S. 14,18-19 (1967).

Respectfully Submitted,

_____
Richard A. Hamar
Florida Bar # 127562
2437 Briarcrest Road
Beverly Hills, CA 90210
(310) 550-0460
(310) 550-0461
Attorney for Samhan

## PROOF OF SERVICE

I, Richard A. Hamar, declare: I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On February 4, 2002, I hand delivered Defendant's Response to Government's Motion to Exclude Expert testimony to Tom O'Malley, Assistant United States Attorney, located at 500 E. Broward Blvd. 7th floor, Fort Lauderdale, Florida 33394. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This was executed at Los Angeles, California.

_____
RICHARD A. HAMAR

SERVICE LIST

Timothy Basiello, Esq.
33 N. Dearborn St. Ste 1015
Chicago, Illinois 60602
Fneiche

Glenn Seiden, Esq.
33 N. Dearborn Street, STe 1015
Chicago, Illinois 60602
Jaber

John R. Howes, Esq.
633 S.E. 3rd Ave., Ste 4F
Fort Lauderdale, FL 33301
El Haddad

Theodore Weeks, Esq.
1 Lake Morton Dr.
P.O. Box 3
Lakeland, FL 33802
Abdelmuti

Fred Haddad, Esq.
One Financial Plaza, Ste 2612
Fort Lauderdale, FL 33394
Naroq

Paul Goodman, Esq.
33 N. Deardon St., Ste 1015
Chicago, Illinois 60602
Aquil

Charles White, Esq.