UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,    )    NO. 00-6211-CR-HURLEY/VITUNAC
                          )
          Plaintiff,    )
                          )
    v.                 )
                          )
MOHAMMED SAMHAN          )
                          )
          Defendant.    )

ᵢᴵᴱᴰ

AR - 4 2002

CRK. USDC ʿSDFL ⁄

## SAMHAN'S NOTICE OF FILING SUPPLEMENTAL JURY INSTRUCTIONS AND OBJECTIONS TO GOVERNMENT INSTRUCTIONS

COMES NOW, the Defendant, Mohammed Samhan, and respectfully submits for consideration an instruction on MERE PRESENCE and an instruction on HABIT AND CUSTUM AS A GOOD SAMARITAN, and yobjects to the Government's instruction on GOOD CHARACTER and WILLFUL BLINDNESS as follows:

**I.  SAMHAN'S SUPPLEMENTAL INSTRUCTIONS**

**A.  MERE PRESENCE (16.09) (attached as modified)**

This is a case that calls out for the MERE PRESENCE instruction.  It is a core defense for Samhan and other defendants to combat the Government's proof.



## B.   HABIT AND CUSTOM

This is Samhan's affirmative defense and an instruction must recognize the right to present same.

## II.   OBJECTIONS TO GOVERNMENT'S INSTRUCTIONS

## A.   GOOD CHARACTER

The Government has submitted an instruction that misapprehends the facts and will confound the jury.   Samhan did not present character witnesses for honesty, veracity or good character.   He presented evidence of a relevant and specific character trait pursuant to Fed.R.Evid. 404 (A) (1).

## B.   WILLFUL BLINDNESS

Although this instruction would ordinarily apply, the Government is getting two bites at the apple since the possession of psuedoephredine already has a "reason to beleive" standard. Thus, willful blindness duplicates the Government's. advantage and unfairly shifts the burden to the Defendants.

Respectfully Submitted,

Richard A. Hamar
Florida Bar # 127562
2437 Briarcrest Road
Beverly Hills, CA 90210
(310) 550-0460
(310) 550-0461
Attorney for Samhan

16.09  **"MERE PRESENCE" - DEFINED**

Merely being present at the scene of a crime or merely knowing that a crime is being committed or is about to be committed is not sufficient to find that the Defendants committed that crime.

In order to find the Defendants guilty of the crime, the government must prove, beyond a reasonable doubt, that in addition to being present or knowing about the crimes charged in the indictment, the Defendants knowingly and willfully associated themselves with the crime charged in some way as participants-someone who wanted the crime to be committed-not mere spectators.

As modified

Given:
Rejected:
Remodified:

**HABIT, CUSTOM, ROUTINE PRACTICE, CHARACTER TRAIT**

Evidence of the habit, custom, routine practice and character trait of Defendant Samhan for assisting others has been admitted.

This evidence has been admitted to establish that the conduct of a person was in conformity with the habit, custom, routine practice or character trait, as opposed to an unlawful purpose.

If you find that the habit, custom, routine practice and character trait was the sole reason for Defendant Samhan's conduct, you must find him not guilty.

Fed.R.Evid. 404 (a) (1); 406; Loughan v. Firestone Tire and Rubber Company, 749 F.2d 1519 (11th Cir. 1985).

As modified

Given:
Rejected:
Remodified:

## PROOF OF SERVICE

I, Richard A. Hamar, declare:    I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On March 5, 2002, I served Tom O'Malley, Assistant United States Attorney, located at 500 E. Broward Blvd. 7th floor, Fort Lauderdale, Florida 33394 in open court and all other defense counsel were served in open court.    I declare under penalty of perjury under the laws   of the State of California that the foregoing is true and correct.

This was executed at Los Angeles, California.

_____
RICHARD A. HAMAR

3