UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MOHAMMED SAMHAN ) <br>     Defendant. ) | NO. 00-6211-CR-HURLEY/VITUNAC <br><br> FILED <br><br> AR - 5 2002 <br><br> CRK, USDC / SDFL |

**SAMHAN'S NOTICE OF FILING <u>SECOND</u>**
**SUPPLEMENTAL JURY INSTRUCTIONS**

COMES NOW, the Defendant, Mohammed Samhan, and respectfully submits for consideration an instruction on IGNORANCE OF THE LAW, THEORY OF THE DEFENSE and KNOWLEGE OF A CONTROLLED SUBSTANCE, and respectfully further suggests a revised use of MERE PRESENCE:

I. **SAMHAN'S SUPPLEMENTAL INSTRUCTIONS**

A. IGNORANCE OF THE LAW OF REGISTRATION

If you find that the Defendants were ignorant of the law requiring registration of the drug psuedoephredine, and this ignorance was reasonable, the fact that some persons are required to register to distribute, import or export psuedoephredine is not evidence that the Defendants committed any crime charged in the indictment.

As modified

Given:  Rejected:  Remodified:

B.   SAMHAN'S THEORY OF THE CASE INSTRUCTION

The Defendant, Samhan, has introduced evidence that he consistently and extensively assists others.

If you have a reasonable doubt as to whether his actions in assisting Mr. Haddad and others move, pack and ship boxes of psuedoephredine were the result of this character trait or habit of assisting others without a reasonable belief that the psuedoepredine would be used to manufacture psudeoephredine, you must find Defendant, Samhan, not guilty.

U.S. v. Lively, 803 F.2d 1124 (11th Cir. 1986); U.S. v. Middleton, 690 F.2d 820 (11th Cir. 1982); U.S. v. Opdahl, 930 F.2d 1530 (11th Cir. 1991).

Given:
Rejected:
Remodified:

C.  MERE PRESENSE

The Defendant, Samhan respectfully suggests that the following MERE PRESENCE instruction be placed after the new CHARACTER EVIDENCE INSTRUCTION related to Samhan's character instruction for habit and custom of assisting others (See: Samhan's Supplemental Jury Instructions filed 3\5\02) which will replace the present CHARACTER EVIDENCE INSTRUCTION which is now found in the "second draft, p. 6).

Additionally, the MERE PRESENCE instruction presently in "second draft", p. 9 third line from bottom, does not include the phrase-<u>even with knowlege</u>.

16.09  "MERE PRESENCE" - DEFINED

Merely being present at the scene of a crime or merely knowing that a crime is being committed or is about to be committed is not sufficient to find that the Defendants committed that crime.

In order to find the Defendants guilty of the crime, the government must prove, beyond a reasonable doubt, that in addition to being present or knowing about the crimes charged in the indictment, the Defendants knowingly and willfully associated themselves with the crime charged in some way as participants- someone who wanted the crime to be committed-not mere spectators.

Given:
Rejected:
Remodified:

3

Additionally, the Defendant, Samhan, urges the court to instruct the jury on Samhan's Instruction #9, KNOWLEGE OF A CONTROLLED SUBSTANCE which was originally submitted and attached herein.

Respectfully Submitted,

*[signature]*
Richard A. Hamar
Florida Bar # 127562
2437 Briarcrest Road
Beverly Hills, CA 90210
(310) 550-0460
(310) 550-0461
Attorney for Samhan

COURT'S INSTRUCTION NO. _____

DEFENDANT SAMHAN'S PROPOSED INSTRUCTION NO. \_\_9\_\_

KNOWLEDGE OF A CONTROLLED SUBSTANCE

In order to find that a Defendant "knowingly" possessed or distributed methamphetamine or knowingly entered into a conspiracy to possess or distribute methamphetamine, the Government must prove beyond a reasonable doubt that the Defendant knew that the pseudoephedrine pills would be used to create methamphetamine. Knowledge cannot be proven merely by demonstrating that the Defendant was negligent, careless or foolish. Presence and proximity to a drug are inadequate to support a conviction.

Where there is virtually equal circumstantial evidence of incrimination and exoneration, then a reasonable doubt exists and specific knowledge does not exist.

Deliberate Ignorance Instruction no. 8. , Modified; <u>U.S. v. Valadez-Gallegos</u>, 162 F.3d 1256 (10th Cir. 1998) (presence and proximity are inadequate to support a conviction); <u>U.S. v. Reveles</u>, 190 F.3d 678 (5th Cir. 1999)(the Government must prove that the Defendant had knowledge that drugs were involved; Where the evidence is in equipoise, it cannot serve as a basis of finding knowledge, since there is reasonable doubt.); <u>U.S. v. Orduno-Aguilera</u>, 183 F.3d 1138 (9th Cir. 1999) (Government must prove beyond a reasonable doubt that the Defendant knew the items were anabolic steroids or some other prohibited drug.)


Given: _____

Denied: _____

Modified: _____

**PROOF OF SERVICE**

I, Richard A. Hamar, declare: I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On March 6, 2002, I served SAMHAN'S SECOND SUPPLEMENTAL JURY INSTRUCTIONS on O'Malley, Assistant United States Attorney, located at 500 E. Broward Blvd. 7th floor, Fort Lauderdale, Florida 33394 in open court and all other defense counsel were served in open court. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This was executed at Los Angeles, California.

_____
RICHARD A. HAMAR