UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | NO. 00-6211-CR-HURLEY/VITUNAC |
| Plaintiff, | ) | |
| v. | ) | |
| MOHAMMED SAMHAN | ) | |
| Defendant. | ) | |

**SAMHAN'S MEMORANDUM OF LAW
RELATED TO NOTE 3**

COMES NOW, counsel for the Defendant, MOHAMMAD SAMHAN, and respectfully files this Memorandum of Law in response to the issues raised by note 3 and the request of the Court on March 12, 2002:

**ISSUE**

MUST THE JURY BE INSTRUCTED AFTER THEIR REQUEST THAT EACH DEFENDANT HAD THE KNOWLEGE THAT THE PSUEDOEPHREDINE WAS GOING TO BE UTILIZED TO MANUFACTURE METHAMPHETAMINE?

**ARGUMENT**

The Fifth Amendment states that "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury. U.S. Const. amend. V.

> A constructive amendment occurs when the Government's presentation of evidence and the district court's jury instructions combine to "modify essential elements of the offense charged to the point that there is a substantial likelihood that the defendant may be convicted of an offense other than the one charged by the grand jury.

United States v. Wozniak, 126 F.3d 105 (2nd Cir. 1997) (citing additional authority).

There are three types of amendments to an indictment. They include: 1) Variance of indictment and proof; 2) literal amendment by the court or prosecutor after the grand jury has passed upon them and 3) constructive amendment as quoted above in Wozniak, supra at 109 AND THE INSTANT CASE. U.S. v. Mollica 849 F.2d 723, 728-9 (2nd Cir. 1988).

A constructive amendment, as in the instant case, is per se reversible even without a showing of prejudice. Wozniak, supra at 109.

The issue is one of notice of the core criminality. Other defendants have argued pursuasively that had they been on notice of a lesser burden than the one stated in the indictment, to wit; methamphetamine, they may have conducted various alternative

2

strategies. (i.e. argument of atty. Biasello on behalf of Def. Aquil, 3/12/02 at 4:15 pm).

The Supreme Court in <u>Stirone v. United States</u>, 361 U.S. 212,215-6 (1960) held that a jury instruction that modifies the indictment "contradicts the very purpose of of the fifth amendment grand jury requirement." The Sixth Circuit[1] has analyzed constructive amendments in <u>U.S. v. Ford</u>, 872 F.2d 1231 (6th Cir. 1989).

The Second Circuit pointed out that the argument and actions of the government did not help clarify matters. <u>Mollica, supra</u> at 729.

The government in the instant case is jeopardizing any potential conviction and a just verdict when it tries to pursuade the court there has been no constructive amendment in the instructions by citing a line of cases unrelated to specific indictments.

The cases cited by the undersigned and the cases cited in those opinions were direct appeals after error had been made.

The Court, the government and all parties should thank their lucky stars that this wonderful jury has been intelligent and sensitive enough to address the issue of the constructive amendment, thus allowing for remedial action, a cure of potential

---

[1] The undersigned began his research with the seminal case of <u>U.S. v. Miller</u>, 105 S.Ct. 1811. The undersigned did not find a case in the Eleventh Circuit that cited <u>Miller, supra</u> and did not have time to make an exhaustive analysis after court. It is doubtful that the Eleventh Circuit could differ significantly from the Second and Sixth Circuits since the principles are bedrock.

3

prejudice and a savings of tremendous resourses of the court and parties.

## CONCLUSION

It is clear that this Honorable Court must respond with clarity, "that all defendants must be found not guilty if they did not have the requisite knowlege (as further defined in the instructions) that the psuedoephredine was going to be utilized to manufacture methamphetamine." (suggested instruction in part).

Respectfully Submitted,

Richard A. Hamar
Florida Bar # 127562
2437 Briarcrest Road
Beverly Hills, CA 90210
(310) 550-0460
(310) 550-0461
Attorney for Samhan

4

**PROOF OF SERVICE**

I, Richard A. Hamar, declare:  I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On March 13, 2002 I served the Government and all parties with this MEMORANDUM.  This proof was executed in West Palm Beach, Florida.

_____
RICHARD A. HAMAR