UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA, ) NO. 00-6211-CR-HURLEY/VITUNAC
　　　　　　　　　　　　　　　 )
　　　　　　Plaintiff,　　　　　 )
　　　　　　　　　　　　　　　 )
v.　　　　　　　　　　　　　　 )
　　　　　　　　　　　　　　　 )
MOHAMMED SAMHAN　　　　　　　)
　　　　　　　　　　　　　　　 )
　　　　　　Defendant.　　　　 )
　　　　　　　　　　　　　　　 )

NIGHT BOX FILED

R 2 200_

CLERK, USDC / SDFL / WPB

## MOTION FOR NEW TRIAL

COMES NOW, the Defendant, Mohammed Samhan, and respectfully moves that this Honorable Court to grant him a new trial pursuant to Fed.R.Crim.P. 33 for the following reasons:

### PREAMBLE

The Defendant, Mohammad Samhan, was convicted by a Jury of Counts 11, 12 and 14 of the Superceding Indictment on March 14, 2002.

This Honorable Court extended the time to file a Motion for New trial to and including 20 days after rendition of the Verdict. Thus, this motion is timely filed.

The law of the case has permitted counsel to join motions of other counsel unless one specifically opts out of said motion. Defendant Samhan respectfully adopts all previously filed and future motions of other Defendants for a new trial, and similar



post conviction motions unless after reading same, counsel opts out.

This case was tried in the recent aftermath of the events of September 11, 2001, on behalf of a Defendant and co-defendants from the occupied West Bank. Additionally, various Palestinian witnesses testified at trial. Although the Court took every reasonable measure to distill the Palestinian element from this trial, hindsight may establish that this was a difficult setting for Defendant Samhan, and this motion should be considered in such light.

**GROUNDS**

1. <u>CONSTRUCTIVE AMENDMENT</u>.

The Jury sent a note to the Court, requesting a clarification of whether the Government should be held to the burden of proving that the Defendants should have reasonably known that the psuedoephredine was going to be utilized for Methamphetamine, or merely for any controlled substance.

The Superceding Indictment noticed the Defendants that the Government was charging knowledge of Methamphetamine, as distinguished from merely any controlled substance.

In determining this question, the Court recommended that the parties brief the issue. Samhan filed a written brief and cited his closing argument for the numerous examples where Samhan defended, in part, based on the charge of methamphetamine in the Superceding Indictment.

Addtionally, the Government called numerous expert witnesses that focused specifically on methamphetamine.  Cross-examination of these experts always focused on methamphetamine, not merely any controlled substance.  Clearly, the question by the jury was due to the jarring contrast between the Superceding Indictment and the instructions.

The Court, relying on cases from various jurisdictions answered the note with the broader scienter requirement of just establishing a controlled substance.

Besides Samhan's reliance on the Superceding Indictment, the jury also drew a distinction between the knowlege of methamphetamine verses a mere reason to beleive that this could have been any controlled substance.  Samhan was acquitted of the only charge requiring that he conspired to manufacture methamphetamine.  It is clear that a jury that used the same logic would have acquitted Samhan of counts 11, 12 and 14, if the government were held to the burden as plead in the Superceding Indictment.

<u>United States v. Cancelliere</u>, 69 F.3d 1116, 1121 (11th Cir. 1995) is controlling.

> Per se reversible error occurs when the essential elements are altered to <u>broaden</u> the possible bases for conviction beyond what is <u>contained in the indictment</u>.
> (emphasis added).

The Court went on to distinquish what is "mere surplusage" ("unnecesary averments") from an element in the indictment that

3

limits the Defendant to the narrower proof in the indictment. <u>Cancelliere, supra</u> at 1121.

This Court analyzed the issue as to whether or not the narrower burden in the indictment is required as an element of the offense. According to <u>Cancelliere, supra</u> at 1121, that is irrelevant.

> Similarly, in this case, changing the requirement from proof of "knowingly and willfully" to "knowingly", impermissably broadened the bases for Cancelliere's conviction, <u>even though willfulness is not required under the money laundering statute</u>. (emphasis added).

The Court in <u>Cancelliere, supra</u> also cited two cases for the same principle. Broadening the possible bases on which to convict would be an amendment to the indictment in violation of the Fifth Amendment.

Based on the jury's confusion between the scienter requirement of methamphetamine and a controlled substance, and the proof, the Court stated that this is an issue that would have significant impact on the trial. Therefore, any error in the Court's further instructions should be sufficient for a new trial. The agony and expense of an appellate procedure and the further staleness of preparation to Samhan would be unjust.

Accordingly, this Honorable Court must apply this principle that the indictment has been broadened in a material way, and grant a new trial. The Jury relied on the Court's instruction lessening the burden undertaken by the Government in its indictment; and

because Samhan relied in part upon the Superceding Indictment in the defense of its case.

2. <u>ILLOGICAL, INCONSISTENT VERDICTS AND DOUBLE JEOPARDY</u>

The jury acquitted Defendant Samhan of conspiracy to possess psuedoephredine having reasonable cause to believe it would be utilized to manufacture methamphetamine (or a controlled substance), and conspiracy to manufacture methamphetamine. Counts I and II respectively.

The dates of both conspiracy counts covered a period long before Samhan's first involvement in the case, until the date of his arrest.

The jury, thereafter, inexplicably convicted Samhan of possessing psuedoephredine on specific dates covered within the periods in Counts I and II.

The evidence was clear. Samhan became involved through and with Rabah El Haddad. Mr. Boyce of Pak Mail made it clear that "Ron", (Rabah El Haddad) was the prime mover of the two and Samhan did not act without "Ron". There was no evidence that Samhan was acting alone.

A conspiracy is merely an agreement to do an unlawful act. If Samhan did not agree to commit an unlawful act, there is no logical way that he possessed any psuedoephredine with the requisite knowlege and intent of/for an unlawful purpose. His acquittals of Counts I and II had already acted as a logical

impediment and Fifth Amendment Double Jeopardy Bar to conviction of the possession charges.

It is disturbingly apparent that the jury impermissably compromised and would not fully acquit Samhan. One conclusion for the irrational and inconsistent verdicts could be the impact of September 11, 2001.

Accordingly, this Honorable Court must grant a new trial and acquit Defendant Samhan of Counts 11, 12 and 14.

3. SPEEDY TRIAL CONCERNS

The Defendant Samhan objected to each continuance and maintained his objections throughout trial.

This Court found presumptive prejudice in its ruling on Samhan's Motion to Dismiss Speedy trial. However, this Court did not find prejudice beyond presumptive prejudice.

With the benefit of trial, it is now apparent that the jury could not logically follow through and acquit Samhan even though they were unanimously convinced that Samhan did not agree with anyone that he would possess the psuedoephredine having reasonable cause to believe that it would be used to manufacture a controlled substance.

It is logical that the impact of the events of September 11, 2001, prejudiced Samhan.

It is also clear that Samhan was prejudiced when his severance was not granted because of the prejudice caused by joinder with the others, especially Rabah El Haddad. It was El Haddad who produced

evidence of Samhan's false exculpatory statement in the booking process.

The Government also prejudiced Palestinians when it implied that Aldin was in the underground, a fearful subject and one that should have been taboo in the recent aftermath of the events of September 11, 2001.

Despite the Court's best intention, there was evidence that established the money from the sale of drugs flowed back to the Middle East.

Accordingly, the additional prejudice of being tried in the recent aftermath of September 11, 2001[1] and the other evidence prejudicial to Palestinians was sufficient to augment the presumptive prejudice found by the Court due to the speedy trial violation.

4.   WEIGHT OF THE EVIDENCE

Defendant Samhan asserts that the weight of the evidence favored an acquittal on all charges and reasserts his Rule 29 motions.

5.   THE LAW WAS NOT FOLLOWED

The Jury did not follow the law as charged by the Court.

6.   JOINDER

Unless otherwise notified, Defendant Samhan joins with the grounds and arguments of all other Defendants for their Motions for a New Trial.

---

[1] The Jury was deliberating during the publicity from the six month anniversary of September 11, 2001.

## CONCLUSION

For the reasons stated, and because the split verdicts for Samhan show how close of a case this was, this Honorable Court must grant Defendant Samhan a New Trial.

Respectfully Submitted by,

March 25, 2002

Richard A. Hamar
Florida Bar # 127562
2437 Briarcrest Road
Beverly Hills, CA 90210
(310) 550-0460
(310) 550-0461
Attorney for Samhan

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed this 28 day of ~~September~~ March, 2001 to:

Fred Haddad, Esquire
One Financial Plaza
Suite 2612
Ft. Lauderdale, Florida 33394

Richard Hamer, Esquire
2437 Briarcrest Road
Beverly Hills, CA 90210

Randee Golder, Esquire
P.O. Box 3756
Boynton Beach, Florida 33424-3756

John Howes, Esquire
633 S.E. 3rd Avenue
Suite 4-F
P.O. Box 697
Ft. Lauderdale, Florida 33302-0697

Tim Biosello, Esquire
33 North Dearborn Street
Suite 1015
Chicago, IL 60602-3105

Glenn Seiden, Esquire
33 North Dearborn Street
Suite 1015
Chicago, IL 60602-3105

Mark NeJame, Esquire
One South Orange Avenue
Suite 304
Orlando, Florida 32801

Theodore Weeks, IV, Esquire
One Lake Morton Drive
Post Office Box 3
Lakeland, Florida 22802-003

Paul Goodman, Esquire
33 North Dearborn Street
Suite 1015
Chicago, IL 60602-3105

Charles White, Esquire
2250 S.W. 3rd Avenue
Suite 150
Miami, Florida 33129

RICHARD A. HAMAR

## PROOF OF SERVICE

I, Richard A. Hamar, declare: I am a citizen of the United States; I am over the age of eighteen years and not a party to this action; my business address is 2437 Briarcrest Road, Beverly Hills, CA 90210.

On March 25, 2002, I mailed this MOTION FOR A NEW TRIAL to, Thomas O'Malley, Assistant United States Attorney, located at 500 E. Broward Blvd. Fort Lauderdale, Florida 33394 and mailed this motion to those affected by a conviction on the service list. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

This was executed at Beverly Hills, California.

_____
RICHARD A. HAMAR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was mailed this ___ day of September, 200_ to:

Fred Haddad, Esquire
One Financial Plaza
Suite 2612
Ft. Lauderdale, Florida 33394

Richard Hamer, Esquire
2437 Briarcrest Road
Beverly Hills, CA 90210

Randee Golder, Esquire
P.O. Box 3756
Boynton Beach, Florida 33424-3756

John Howes, Esquire
633 S.E. 3rd Avenue
Suite 4-F
P.O. Box 697
Ft. Lauderdale, Florida 33302-0697

Tim Biosello, Esquire
33 North Dearborn Street
Suite 1015
Chicago, IL 60602-3105

Glenn Seiden, Esquire
33 North Dearborn Street
Suite 1015
Chicago, IL 60602-3105

Mark NeJame, Esquire
One South Orange Avenue
Suite 304
Orlando, Florida 32801

Theodore Weeks, IV, Esquire
One Lake Morton Drive
Post Office Box 3
Lakeland, Florida 22802-003

Paul Goodman, Esquire
33 North Dearborn Street
Suite 1015
Chicago, IL 60602-3105

Charles White, Esquire
2250 S.W. 3rd Avenue
Suite 150
Miami, Florida 33129

RICHARD A. HAMAR