UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. <u>00-6211-CR-HURLEY/VITUNAC(s)</u>

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) |
| | ) |
| MOHAMMED SAMHAN, et. al, | ) |
| | ) |
| Defendants. | ) |



## UNITED STATES' RESPONSE TO DEFENDANT MOHAMMED SAMHAN'S OBJECTION TO THE TWO POINT ADJUSTMENT FOR OBSTRUCTION OF JUSTICE

The United States files this response to defendant Mohammed Samhan's objection ("Samhan") to the two-level adjustment under Section 3C1.1 and advises the court and defendant that it will be responding to Samhan's other objections orally at sentencing:

The record shows by a preponderance of the evidence that Samhan obstructed justice through his false and perjured trial testimony.

## LAW

USSG § 3C1.1 (1998) requires a two-level upward adjustment to a defendant's base offense level:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of

1

conviction and any relevant conduct; or (ii) a closely related offense.[1]

While the commentary to that section teaches that the section "is not intended to punish a defendant for the exercise of a constitutional right," the commentary also recognizes an exception to that general rule for a defendant's "denial of guilt under oath that constitutes perjury." USSG § 3C1.1, comment. (n.2) (1998).

This Circuit consistently has held that the obstruction-of-justice enhancement is proper if a defendant commits perjury at trial. See United States v. Hubert, 138 F.3d 912, 915 (11th Cir. 1998); United States v. Paradies, 98 F.3d 1266, 1292 (11th Cir. 1996); United States v. Jones, 32 F.3d 1512, 1519-20 (11th Cir. 1994). Perjury, for the purpose of applying § 3C1.1, is defined as "giv[ing] false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake or faulty memory." United States v. Dunnigan, 507 U.S. 87, 113 S. Ct. 1111, 1116 (1993); See Hubert, 138 F.3d at 914.

The government has the burden to establish the obstruction of justice enhancement by a preponderance of the evidence.

## DISCUSSION

During the trial, Samhan took the stand in his own defense. He was properly sworn and testified to the trial jury.

First, Samhan testified that prior to his arrest he never suspected the cold medicine would be turned into anything evil (Vol. 16, page 36). In addition, Samhan maintained during his testimony that he was simply helping Rabah El Haddad on a

---

[1] The government used the 1998 Guideline Manual in preparing this response.

continuous basis during the months of June and July of 2000.  (Vol. 16, pages 24 - 102).  According to Samhan's testimony, this help included moving and repackaging boxes (page 25); taking Rabah El Haddad around sometimes (page 25); lending Rabah El Haddad his vehicle (page 25); and filling out a shipping form at Rabah El Haddad's request in which he (Samhan) listed the contents being shipped, which he knew to be pseudoephedrine, as shoes (pages 68 - 71).  This testimony was obviously rejected by the jury when it found him guilty in counts 11, 12, and 14 which counts required the government to prove beyond a reasonable doubt (1) that the defendant knowingly and willfully possessed or distributed pseudoephedrine as charged; and (2) that the defendant knew or had reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance.

Second, Samhan denied that while driving on June 1st, 2000, he was looking for police officers or driving in a way trying to detect police officers (Vol. 16, pages 35-36).  During the government's case, it called Detective Shawn O'Connor.  During his testimony, O'Connor described what he considered to be counter-surveillance being conducted by Samhan in his vehicle on June 1st, 2000.  (Vol. 12, pages 2323 - 2333).  This false testimony alone clearly merits an upward adjustment for obstruction of justice because Samhan's denial of conducting counter-surveillance was contradicted by the testimony of Detective O'Connor.  See United States v. Lewis, 115 F.3d 1531, 1538 (11th Cir. 1997) (inconsistencies in the defendant's testimony as well as the contradictions with other witness testimony support conclusion that defendant intended to testify falsely; obstruction adjustment upheld).

Samhan's denials concerned material matters – including never suspecting the

cold medicine would be turned into anything evil as well as denying that while driving on June 1st, 2000, he was looking for police officers or driving in a way trying to detect police officers. These falsities evidenced Samhan's attempt to escape criminal liability for his conduct. Samhan's right to testify on his own behalf did not authorize him to present perjured testimony in order to avoid criminal liability for his acts.

Thus, the two-level upward adjustment under Section 3C1.1 is clearly warranted.

                Respectfully submitted,

                GUY A. LEWIS
                UNITED STATES ATTORNEY

BY: _____
                WILLIAM T. ZLOCH
                ASSISTANT UNITED STATES ATTORNEY
                FL Bar No. 0105619
                500 Australian Ave., Suite 400
                West Palm Beach, FL 33401
                Office:  (561) 820-8711
                FAX:    (561) 820-8777

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was mailed this 4th day of June, 2002 to:

    1)    Fred Haddad, One Financial Plaza, Suite 2612, Fort Lauderdale, FL 33394;

    2)    John Howes, 633 S.E. 3rd Street, Fort Lauderdale, FL 33302;

    3)    Charles G. White, 2900 Bridgeport Avenue, Suite 401, Coconut, FL 33133;

    4)    Timothy Biasiello, 33 North Dearborn Street, Chicago, IL 60602; and

    5)    Richard Hamar, Esquire, 2437 Briarcrest Road, Beverly Hills, CA 90210.

The undersigned also faxed a true and correct copy of the foregoing to Attorney Hamar.

BY: _____
WILLIAM T. ZLOCH
ASSISTANT UNITED STATES ATTORNEY