IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

UNITED STATES,

    Plaintiff,

v.

MOHAMED SAMHAM,

    Defendant.

Case No.: 00-6211-CR

JUDGE: HURLEY

## MOTION FOR RELEASE PENDING THE DIRECT APPEAL WITH MEMORANDUM OF LAW

COMES now the Defendant, MOHAMED SAMHAM, by and through the undersigned counsel, pursuant to 18 U.S.C. § 3143(b) hereby moves this Honorable Court for release pending appeal from the conviction on March 14, 2002, and sentence imposed on June 17, 2002. In support of this motion, Defendant's states as grounds the following:

1. On March 14, 2002, the Defendant was remanded to the custody of the United States Marshall upon being convicted of three of the five counts Defendant was indicted on.

2. The record in the case at bar strongly supports that Mr. Samhan abided by all of the conditions of pretrial release.

3. After trial Mr. Samhan terminated his trial counsel and retained the undersigned as counsel for handling the appeal.

4. After reviewing the record the undersigned believes that Mr. Samhan has viable issues on appeal that are likely to result in an order for a new trial, reversal.

    a. Based on a review of the record it is likely that the convictions may be reversed as a result of the insufficiency of the evidence presented in the Government's case in chief.

    b. It is also likely Mr. Samhan was convicted as a result of "guilt by association" to both a co-defendant whom Mr. Samhan helped on a few occasions, and to the negative attitudes towards the Arab culture in the wake of September 11, 2001.

    c. There are also numerous other issues which are likely to result in reversal such as: violation of Mr. Samhan's Sixth Amendment rights, improper and prejudicial summation by the prosecutor, and denial of Mr. Samhan's right to a speedy trial.

5. Mr. Samhan's direct appeal will raise substantial and important questions of law as stated above which if successful on appeal will result in reversal of the conviction.

    a. As defined in *United States v. Giancola*, 754 F.2d 898 (11th Cir. 1985); *United States v. Fernandez*, 905 F.2d 350 (11th Cir. 1990), a substantial question is one of more substance than would be necessary merely to a finding that it was not frivolous and one that could be decided either way.

6. Mr. Samhan is not a flight risk or a danger to the safety of others.

    a. Mr. Samhan has a wife and three young children who reside in South Florida.

    b. Mr. Samhan came to this country in order to get away from the death threats made to him because of his involvement in attempting to bridge the gap of peace between Israel and Pakistan, and therefore would not flee.

    c. During trial there was testimony regarding Mr. Samhan's devotion to helping people, whom he knew and did not know, since he has been in the country.

WHEREFORE the Defendant, MOHAMED SAMHAM, respectfully request this Honorable Court to grant Defendant's motion and impose reasonable conditions so that MOHAMED SAMHAM can be released pending appeal.

Respectfully submitted,

JEFFREY M. VOLUCK, ESQ.
Counsel for Defendant
Courthouse Square, Suite 201
200 Southeast Sixth Street
Fort Lauderdale, Florida 33301
Telephone: (954) 467-8989

By: _____
JEFFREY M. VOLUCK, ESQ.
FLORIDA BAR NO.: 0113750

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was sent via HAND DELIVERY this _____ day of _____, 2001 to: Thomas O'Malley, Assistant United States Attorney, 500 E. Broward Boulevard, Suite 700, Ft. Lauderdale, FL 33394; and to the Clerk of Court located at 299 E. Broward Blvd. Ft. Lauderdale, FL 33301.

_____
JEFFREY M. VOLUCK, ESQ.
FLORIDA BAR NO.: 0113750