# SENTENCING MINUTES

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## HONORABLE DANIEL T. K. HURLEY

===============================

Case No. 00-6211-CR.                    Date February 1, 2005

Courtroom Deputy: James E. Caldwell      Court reporter: Pauline Stipes

UNITED STATES OF AMERICA v. Mohammed Samhan

AUSA: Thomas O'Malley   DEFENSE COUNSEL: Jeffrey M Voluck

*******************************************************************

## JUDGMENT AND SENTENCE

(IMPRISONMENT)( ~~PROBATION~~ )    ~~MONTHS~~ DAYS    COUNTS
                                   364              16 S/S Indictment
(Recommendation: _____)

---

SUPERVISED RELEASE:              YEARS           COUNTS
                                  3              16 S/S

---

SPECIAL CONDITIONS:
1) Full-Time employment
2) Search
3) Deportation proceedings
4) Current with all taxes
5)

---

SPECIAL ASSESSMENT: $ 100.00    RESTITUTION: $ _____

FINE: $ ∅

---

COUNT(S) DISMISSED: _____.

---

✓ REMANDED TO U.S. MARSHAL    ___ VOLUNTARY SURRENDER ON

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 00-6211-CR-HURLEY/VITUNAC(s)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MOHAMMAD SAMHAN,

    Defendant.

_____/

FILED by _____ D.C.
FEB -1 2005
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

PLEA AGREEMENT

The United States of America and MOHAMMAD SAMHAN (hereinafter referred to as the "defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to Count 14 of the Superseding Indictment, which count charges the defendant with knowingly and intentionally possessing and distributing pseudoephedrine, a list I chemical as defined in Title 21, United States Code, Section 802, knowing and having reasonable cause to believe that the listed chemical would be used to manufacture a controlled substance, that is, methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(c)(2), and Title 18, United States Code, Section 2.

2. The United States agrees to seek dismissal of the remaining counts of the Superseding Indictment, as to this defendant, after sentencing.

3. The defendant is aware that the sentence may be imposed in conformity with the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"), and that the applicable guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that the Court may depart from the applicable guideline range and impose a sentence that is either more severe or less severe than the guidelines range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

4. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to twenty (20) years, followed by a term of not more than three (3) years' supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.

5. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 4 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

6. The Office of the United States Attorney for the Southern District of Florida (hereinafter "Office) reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only

Scanned Image - 0:00CR6211 Document 740 page 2 Fri Feb 04 14:22:38 2005

to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

7. The United States agrees that it will recommend at sentencing that the Court impose a sentence of thirty-three (33) months' impriosnment, with credit for time served. The Government further agrees to recommend that the Court reduce by three (3) levels the sentencing guideline level that may be applicable to the defendant's offense, pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make these sentencing recommendations if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

8. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that, pursuant to Sections 2D1.1(b)(6) and 5C1.2 ("Safety Valve") of the Sentencing Guidelines, the Court decrease the defendant's sentencing guideline range by two (2) levels, provided that:

(a) defendant is not found to have more than one criminal history point, as determined under the Sentencing Guidelines;

(b) not later than the time of the sentencing hearing the defendant provides to the United States a written statement truthfully setting forth all information and evidence the defendant has

3

concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan as charged in the indictment; and

(c) the defendant is not found to have used violence or threats of violence, or to have possessed a firearm or other dangerous weapon in connection with the offense; that the offense did not result in death or serious bodily injury to any person; and that the defendant is not found to have been an organizer, leader, manager or supervisor of others in the offense.

9. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

10. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

MARCOS DANIEL JIMENEZ
UNITED STATES ATTORNEY

Date: 1/26/05    By: _____
THOMAS A. O'MALLEY
ASSISTANT UNITED STATES ATTORNEY

Date: 2/1/05    By: _____
MOHAMMAD SAMHAN
DEFENDANT

Date: 2/1/05    By: _____
JEFFREY VOLUCK
ATTORNEY FOR DEFENDANT

5